THE JOLIET STREET RAILWAY COMPANY

*v.*

JOSIE CALL.

143   177
144   232
143   177
 65a 463
143   177
115a  251

*Filed at Ottawa October 31, 1892.*

1. APPEAL—*reviewing the facts.* Where this court finds that there is evidence tending to prove the cause of action charged in the declaration, its sufficiency will be conclusively settled by the judgment of the Appellate Court affirming the judgment of the trial court, and is not open to review.

2. EVIDENCE—*to show extent of a personal injury—tending to prejudice plaintiff's case.* In an action by a woman to recover damages for a personal injury, the defendant introduced evidence tending to prove that after the alleged injury the plaintiff had been guilty of adultery, and attempted to follow it up by other proof to the same effect, which the court refused. It was claimed to be competent for the purpose of disproving the nature and extent of plaintiff's injuries, as testified to by her and her physicians: *Held,* that as the defendant had the bene-

12—143 ILL.

fit of the evidence, without objection, to the extent of proving the act, the offered evidence was properly refused, as it could only have the effect of prejudicing the plaintiff's case.

3. PRACTICE—*improper remarks of counsel—when no ground of reversal.* In his closing remarks to the jury, plaintiff's counsel, in commenting upon the evidence of two of defendant's witnesses, said : "But they have the blackest hearts of any two who ever appeared as witnesses in a court of justice. Why is not this man here to-day, I ask you? Well, because he committed larceny last night and was locked up in the calaboose." The court at once rebuked the counsel for making the remarks, and told the jury to treat them as untrue, and to give them no attention whatever : *Held,* that the remarks were highly improper, but as the court promptly interfered, and they did not appear to have worked any harm to defendant, they did not in this case require a reversal.

4. SAME—*ordering plaintiff to submit to a private examination of her person by a physician.* On the trial of an action to recover for personal injuries, and before the examination of plaintiff's witnesses, the defendant asked the court to order the plaintiff to submit to a private examination by physicians to be appointed, which motion was refused. The motion was wholly unsupported by proof of any kind that the examination asked was necessary for the proper presentation of the defense : *Held,* that for the want of such showing the motion was properly overruled. But it seems the court has no power to require a party to submit to such an examination.

APPEAL from the Appellate Court for the Second District ;— heard in that court on appeal from the Circuit Court of Will county ; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. EGBERT PHELPS, for the appellant.

Mr. E. MEERS, for the appellee,

Mr. JUSTICE WILKIN delivered the opinion of the Court :

This is an action on the case, begun in the circuit court of Will county, by appellee, against appellant, to recover for a personal injury alleged to have been sustained through its negligence while she was a passenger on one of its cars. Plaintiff below had judgment for $1500 and costs of suit, and the defendant appealed to the Appellate Court, where the judg-

ment of the circuit court was affirmed.   From that judgment
of affirmance this appeal is prosecuted.

It seems that on the day of the alleged injury, there was a
public gathering at or near the terminus of one of appellant's
street car lines in the city of Joliet, causing the travel over
that line to be unusually heavy.   The cars were being run by
electricity.   To a car with a motor upon it was attached an-
other without, known as a "trailer."   Both cars were crowded
with passengers going from the city to the public grounds,
plaintiff being on the second car.   At a certain point, the
grade being too heavy for the motor with the two cars, the
rear one was detached, the intention being to carry the pas-
sengers on the motor car up the grade and then return for the
other and its passengers.   As soon as the trailer was uncoupled
it began to run backward down the grade, gradually increas-
ing its speed, until, upon reaching a curve in the track, it was
derailed.   During its descent plaintiff was thrown or fell from
the car, and received the injuries for which she sues.

The arguments filed in this court are largely devoted to a
discussion of the weight of the evidence, and the contention
that the damages allowed by the verdict and judgment below
are excessive.   These are matters which can not be reviewed
by this court.

An attempt is made by counsel for appellant to show that
there is no evidence in the record tending to prove the negli-
gence of the defendant as charged in the declaration.   It is
said, the only acts of negligence charged are "overloading the
car," "that the defendant's servants did not set the brakes,"
and "defendant, by its negligence, caused plaintiff to be pushed
or thrown from the car."   This is far from a fair statement
of the allegations of the declaration.   The *gravamen* of the
charge of negligence, in each count, is, detaching the car in
which plaintiff was riding, "on a steep grade."   The allega-
tion is not that the injury resulted from "overloading the car,"
or from the mere "failure to set the brakes," because it shows

that these, of themselves, would not have caused the car to run backward down the grade, which was the immediate cause of the accident. Applying the evidence to the allegations as they appear from the declaration, there can be no serious question but that it tends to prove the negligence charged. As before said, the sufficiency of that evidence is settled by the decision of the Appellate Court.

On the trial the defendant introduced evidence tending to prove that after the alleged injury plaintiff had been guilty of adultery, and attempted to follow it up by other proof to the same effect. This, on objection by plaintiff's counsel, the court refused to allow, and that ruling is assigned for error. This proof, it is said, was competent for the purpose of disproving the extent and nature of her injuries as sworn to by her and proved by physicians. The defendant had the benefit of the evidence without objection, to the extent of proving the act, if the jury believed the witnesses who swore to it; but as offered the evidence was clearly incompetent, and could have had no other effect than that of prejudicing the plaintiff's case.

The ninth, twelfth, thirteenth, fifteenth and eighteenth instructions asked by the defendant were refused, and this is also insisted upon as reversible error. Without reference to the correctness of these instructions as applicable to the case, they were very properly refused, on the ground that the jury were fully and fairly instructed as to the law of the case in those given. Several of them are, however, inaccurate and argumentative.

In his closing argument to the jury, counsel for the plaintiff, commenting upon the evidence of two of the witnesses for the defense, said: "But they had the blackest hearts of any two who ever appeared as witnesses in a court of justice. Why is not this man here to-day, I ask you? Well, because he committed larceny last night and was locked up in the calaboose." It is not pretended there was any evidence pro-

duced on the trial as to these charges. That it was highly improper for counsel to thus travel outside the record for the purpose of discrediting the witness, no one will deny. The judge trying the case promptly rebuked it, and we commend his action in so doing. He also told the jury, in effect, to treat the statement as untrue, and give it no attention whatever. No criticism is or can be fairly made upon the action of the court for attempting, as far as was in his power, to remove the effect of the improper remarks from the minds of the jury, unless it can be said that for that reason alone a new trial should have been awarded. While it is true that sustaining objections to the misconduct of an attorney in the trial of a case, and withdrawing improper remarks from the consideration of the jury will not always suffice to prevent a reversal on that ground, yet it will scarcely be contended that under such circumstances a reversal should always follow. When the court has committed no error, the misconduct of counsel should only be visited upon his client, by setting aside a verdict in his favor, where it is apparent that, notwithstanding the ruling of the trial court, injury may have resulted to the adverse party. Nothing of that kind appears in this record.

Before the plaintiff had introduced any of her evidence the defendants moved the court to order her to submit to a private examination by three physicians to be appointed by the court at its expense, which motion the court overruled. This ruling seems to be especially relied upon as reversible error. The motion was wholly unsupported by proof of any kind that the examination asked for was necessary to the proper presentation of the defense. Therefore, on the authority of *St. Louis Bridge Co.* v. *Miller*, 138 Ill. 465, the motion was properly overruled, without reference to the power of the court to compel a party to submit to such an examination. While the courts of last resort in some of the states have held, as in *Shroeder* v. *Railroad Co.* 47 Iowa, 375, that courts have the power to compel the plaintiff, in a case like this, to submit to

a personal examination as to the extent and nature of his injuries, we have held otherwise in *Parker* v. *Enslow*, 102 Ill. 272. This view is sustained by the reasoning and decision in *Railway Co.* v. *Botsford*, 141 U. S. 250, and *McQuigan* v. *Delaware L. and W. R. Co.* 129 N. Y. 50.

We find no errors of law in this record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*