The Peoria, Decatur and Evansville Railway Company

*v.*

W. S. Rice.

*Filed at Springfield, January* 18, 1893.

1. Negligence — *degree of care required of person injured.* Where a plaintiff, through no fault of his, is suddenly placed in a position of great danger of losing his life, and exercises such care for his safety as

ordinary care and prudence may require of one in his situation, his right of action, otherwise good, will not be defeated by the fact that it might have been possible for him to have escaped by a different course, in safety.

2. Where a plaintiff jumped from a hand-car on a bridge to the ground to avoid being run over by a train, an instruction that does not hold him to the exercise of reasonable care in selecting his means of escape, but is calculated to lead the jury to believe that the court intended to limit their inquiry to the care exercised by him in making the jump from the hand-car, would be clearly erroneous.

3. SAME — *instructions construed.* An instruction in such a case, telling the jury they must believe from the evidence that the plaintiff, " while in the exercise of due care, caution and prudence, &ast; &ast; &ast; was forced to jump from a hand-car," can not be held to mean less than that the plaintiff was required to show that he was exercising due care in being on the car at the time and place he was forced to jump. Its reasonable interpretation is not merely that plaintiff must have made the jump with due care, but that he was exercising due care when forced to jump.

4. An instruction that if the jury believe from the evidence that the plaintiff, while in the employ of the defendant as section foreman, and while in the performance of his duty in helping to repair a bridge, and while in the exercise of due care, etc., was forced to jump from a hand-car on such bridge to the ground to save his life, " through the neglect and wrongful acts proven of the servants of the defendant in wrongfully running a freight train," etc., is not open to the objection that it assumes the defendant was guilty. The instruction would have been better if the word " proven " had been omitted.

5. An instruction told the jury that the negligence the evidence must show in order to sustain a recovery is, " in wrongfully running a freight train upon said bridge," which is the negligence charged in the declaration. The negligence of the defendant's employés mentioned in the subsequent part of this, and the other instructions given for the plaintiff, refer to the running of the freight train. *Held,* that the instructions were not obnoxious to the charge of directing the jury that they might find the defendant liable for acts of negligence different from those alleged in the declaration, especially when an instruction for the defendant puts the burden upon the plaintiff to prove his case, as charged in the declaration.

6. SAME — *relation of fellow-servants — whether it is established.* In an action by a section foreman of a railroad company for a personal injury caused by the negligence of its servants in running a freight train upon a bridge being repaired, the court instructed the jury for the plaintiff that, if, at the time of the injury, the plaintiff and the men in charge of the freight train were employed in different departments and

were not associated with each other in the performance of their duties, but were wholly separated and disconnected from each other in the performance of their duties, they were not fellow-servants. *Held,* that the instruction was proper.

7. The fact that a section foreman engaged in the repair of a railway bridge has the right to flag a freight train approaching such bridge, and it is the duty of the engineer to obey the signal, in no way tends to establish the relation of fellow-servant between them.

8. Practice — *personal injury case — ordering plaintiff to submit to a physical examination.* There is no error in refusing to order the plaintiff, in an action for a personal injury, to submit to a physical examination by the defendant's physician to ascertain the extent of the injury. The court has no power to require the injured party to submit to a personal examination against his will.

Appeal from the Appellate Court for the Third District; — heard in that court on appeal from the Circuit Court of Logan county; the Hon. Lyman Lacey, Judge, presiding.

Messrs. Stevens & Horton, and Messrs. Blinn & Hoblet, for the appellant:

If the plaintiff's negligence contributes materially to the injury, he can not recover, and it is immaterial whether or not it applies to the force causing the injury. *G. & C. R. R. Co. v. Fay,* 16 Ill. 558; *I. C. R. R. Co. v. Buckner,* 28 id. 299; *C. & A. R. R. Co. v. Becker,* 76 id. 25; *Abend v. T. H. & I. R. R. Co.,* 111 id. 202; *C. & A. R. R. Co. v. Jacobs,* 63 id. 180; *T. W. & W. R. R. Co. v. Jones,* 76 id. 317.

As to the power and duty of the court to order the plaintiff to submit to a personal examination by medical experts. *Parker v. Enslow,* 102 Ill. 272; *C. & E. I. R. R. Co. v. Holland,* 18 Bradw. 418; *Freeport v. Isbell,* 93 Ill. 386; *White v. Milwaukee City Ry. Co.,* 61 Wis. 536; *A., T. & S. F. R. R. Co. v. Thul,* 29 Kan. 466; *R. & D. Railroad v. Childress* (Ga.), 41 A. & E. 216; *Schroeder v. C., R. I. & P.,* 47 Iowa, 375; *Hatfield v. St. P. & D. R. R.,* 33 Minn. 130; *A. G. S. R. R. Co. v. Hill* (Ala.), 44 A. & E. 441.

Mr. A. G. Jones and Messrs. Beach & Hodnett, for the appellee:

Whether the plaintiff and those in charge of the train were fellow-servants is a question of fact, settled conclusively by the affirmance. *I. & St. L. R. R. Co.* v. *Morgenstern,* 106 Ill. 216; *C. & N. W. Ry.* v. *Moranda,* 108 id. 576.

As to the power and duty of the court to require a party to submit to an examination of his person. *White* v. *R. R. Co.,* 61 Wis. 536; *Ry. Co.* v. *Thul,* 29 Kan. 466; *Schroeder* v. *Ry. Co.,* 47 Iowa, 375.

That no such power exists independent of statute: *Stuart* v. *Havens,* 17 Neb. 211; *R. R. Co.* v. *Finlayson,* 16 id. 578; *Parker* v. *Enslow,* 102 Ill. 273; *Neuman* v. *R. R. Co.,* 50 N. Y. Superior, 412; *Roberts* v. *R. R. Co.,* 29 Hun, 154; *Hess* v. *Lowrey,* 122 Ind. 225.

Appellee and the servants of appellant engaged in running the freight train were not fellow-servants. *C. & A. R. R. Co.* v. *Kelly,* 127 Ill. 637; *C. & N. W. Ry.* v. *Moranda,* 93 id. 302; *C. & A. R. R. Co.* v. *Shannon,* 43 id. 338; *C. & N. W. Ry.* v. *Swett,* 45 id. 194; *C. & N. W. Ry. Co.* v. *Jackson,* 55 id. 492; *Ryan* v. *C. & N. W. Ry.,* 60 id. 171; *C. & N. W. Ry.* v. *Taylor,* 69 id. 461; *I. C. R. R. Co.* v. *Patterson,* 69 id. 650; *T. W. & W. Ry Co.* v. *Fredericks,* 71 id. 294; *P., Ft. W. & Ch. Ry. Co.* v. *Powers,* 74 id. 34; *Rolling Mill Co.* v. *Johnson,* 114 id. 57.

Imprudent conduct for sudden fright is chargeable to the wrong doer. *Collins* v. *Davidson,* 19 Fed. Rep. 83; *Stokes* v. *Staltonstall,* 13 Pet. 189; *C., R. I. & P. Ry. Co.* v. *Dignan,* 56 Ill. 487; *Galena & C. U. R. R. Co.* v. *Yarwood,* 17 id. 509.

Mr. Justice Wilkin delivered the opinion of the Court:

This was an action on the case, by appellee against appellant, for a personal injury alleged to have been received through the negligence of its employés. The case was tried in the

Circuit Court of Logan county, and a verdict returned for the plaintiff for $8000.   On a motion for a new trial by the defendant, the court required the plaintiff to enter a remittitur for $3000, and upon his doing so, overruled the motion and entered judgment on the verdict for $5000 and costs of suit. To this ruling the defendant excepted and appealed to the Appellate Court of the Third District.   That court having affirmed the judgment of the Circuit Court, this appeal is prosecuted.

The substantial questions raised on the record, open to reexamination in this court (being questions of law only), are : Did the trial court err in refusing to order the plaintiff to submit to a physical examination by medical experts, as to the nature and extent of his alleged injuries ?   Was the jury erroneously instructed as to the law of the case, on behalf of the plaintiff ?   And, did the trial court err in refusing instructions asked on behalf of the defendant ?

The record shows that at the close of the plaintiff's evidence in chief, counsel for the defendant requested the court to order the plaintiff to submit to an examination, by four physicians named, " for the purpose of ascertaining whether he is now in the condition to which he testified, that is, permanently ruptured upon both sides."

This motion was overruled and the defendant excepted. The motion was not even supported by the statement of counsel, much less an affidavit or other proof that such an examination was necessary to a full and fair trial of the case.

The extent to which courts have gone, sustaining the power to compel such examinations is, that such orders may be made, in the sound legal discretion of the trial court, when it appears that such an examination is reasonably necessary to the attainment of justice.   This motion might, therefore, have been very properly overruled upon the authorities cited by appellant, upon the ground that no occasion for the examination was shown. Especially so since the plaintiff had previously undergone an

examination by the defendant's principal surgeon at Evansville, at defendant's request, and also submitted to an examination by two physicians of its selection, under an order of court made at a former term. It certainly will not be contended! that a plaintiff may be compelled to submit his person to an, examination by physicians as often as his case may be called for trial, without any showing whatever as to the necessity therefor.

But the ruling in this case was placed upon the broad ground that the court had no power to grant the motion, and this court is committed to that doctrine. We do not think injustice is likely to result to a defendant by a refusal to make such an order, especially when given the full benefit of the fact that the plaintiff has refused to submit voluntarily thereto, as was done in this case, both by evidence and instructions to the jury. The contrary rule would often operate harshly upon the plaintiff, result in embarrassment to the court in trying cases, and be very liable to abuse. Rules of practice must be laid down, not with reference to a single case, but to be applied generally, and we entertain no doubt that our conclusion heretofore announced on this subject is the better and safer practice. The motion was properly overruled. *Parker* v. *Enslow*, 102 Ill. 273; *Joliet St. Ry. Co.* v. *Call*, 143 id. 177. See *Roberts* v. *R. R. Co.*, 29 Hun, 154; *Penn. Co.* v. *Newmyer*, 129 N. Y. 50; *McQuegan* v. *Delaware, L. & W. R. Co.*, 129 Ind. 401; *Ry. Co.* v. *Botsford*, 141 U. S. 1000; *R. R. Co.* v. *Finlayson*, 16 Neb. 578; *Stuart* v. *Havens*, 17 id. 211.

Four instructions were given at the request of the plaintiff. The first, second, and third of these are condemned by counsel for appellant, as being erroneous, and calculated to mislead the jury to the prejudice of the defendant below. The first is in the following language :

1. "The court instructs the jury that if they believe from the evidence that the plaintiff while in the employ of the defendant as section foreman on the 29th day of April, 1890,

while in the performance of his duty in helping to repair a bridge over Salt Creek on the line of defendant's road, and while in the exercise of due care, caution and prudence, if it has been proven that he was exercising due care, caution and prudence was forced to jump from a hand-car on said bridge to the ground below to save his life or prevent great bodily injury, through the negligent and wrongful acts proven, of servants of the defendant, in wrongfully running a freight train of the defendant down to and upon said bridge, if the evidence shows that they did so wrongfully run the said train; and if the jury further believe from the evidence that in making such jump the plaintiff was in the exercise of reasonable care, caution and prudence for his own safety, under all the circumstances shown by the evidence and that plaintiff was thereby injured, and if you further believe from the evidence, that such injury was caused by the negligent and wrongful acts of the employés of defendant in charge of said freight train, then the jury should find the issues for the plaintiff and assess his damages at such sum as the jury may believe from the evidence he sustained, provided the jury further believe from the evidence that the employés of the defendant, in charge of and operating said freight train at the time of such injury, and the plaintiff were not fellow-servants of the defendant engaged in the same grade or line of employment, as explained in these instructions."

As to the circumstances under which the alleged injury occurred, there was no substantial conflict at the trial. Plaintiff was one of the section foremen on defendant's road. His section included "Salt Creek" bridge. Two men worked under him on the section. On the day of the accident, he and his men and two bridge carpenters were engaged in repairing said bridge. One of the section men was sent by plaintiff to flag a freight train, which was liable to pass before the work could be completed. The engineer failed to observe the flag, and was approaching the bridge at a considerable rate of speed

with his train, while plaintiff and the other three men were
still at work.   Plaintiff, and two of those men got on a hand-
car, on which they had taken out material, and tools, and
attempted to run it to the end of the bridge ahead of the
approaching train, but before they reached it, the plaintiff
jumped from the hand-car to the ground several feet below,
and as he claims received the injuries for which he sues.   The
other two men left the hand-car from the opposite side, and
were not injured.   The fourth man remained at the place
where/the work was being done, and climbed down the side
of the bridge without injury.   The theory of the plaintiff is
that he was in the exercise of ordinary care in attempting to
get out of the way of the train upon the hand-car, and was
compelled to jump in order to escape being run over.   Appel-
lant on the other hand insisted that he was himself negligent,
in not leaving the bridge immediately upon discovering the
approaching train, without attempting to remove the hand-car
— in not getting upon the cap of the bridge until the train
passed, or climbing to the ground as did the fourth man.

One of the objections urged to the foregoing instruction is
that it does not hold the plaintiff to the exercise of reasonable
care in selecting his means of escape, but was calculated to lead
the jury to believe that the court intended to limit their inquiry
to the care exercised by him in making the *jump* from the
hand-car.   The instruction so understood would unquestiona-
bly be erroneous, but we do not think it is fairly susceptible
of that construction.   The jury are told that they must believe
from the evidence that the plaintiff "*while in the exercise of
due care, caution and prudence  *  *  *  .*  was forced to
jump from a hand-car*," etc.   We can not think a jury would, un-
der the evidence in this record, understand that language to
mean less than that plaintiff was required to show, that he
was exercising due care in being on the car at the time and
place he was forced to jump.   The reasonable interpretation
of the language is not, merely, that plaintiff must have made

the leap with due care, but that he was exercising that degree of care when "forced to jump." But even if it could be fairly said that the jury might, in the absence of instructions to the contrary, have given it the construction contended for by counsel for the appellant, still by two of those given at the instance of the defendant, they were told that if, by the exercise of reasonable care, plaintiff could have left the bridge in safety, without going on the hand-car, it was his duty to do so, and he could not recover.

It is again insisted that, by the language " through the negligent and wrongful acts proved of servants of the defendant, in wrongfully running a freight train,'' etc., the instruction assumes that the defendant was guilty of negligence. The instruction would have been complete, and in better language, if the word proven had been omitted, but in view of that which follows, the jury could not have understood that word to mean that the plaintiff was relieved of. the burden of proving the negligence of the defendant. But it is further urged that this and each of the other instructions given on behalf of the plaintiff, allowed him to recover, if he was injured through the negligence of the employés of the defendant, whether such negligence was charged in the declaration or not. The negligence which the jury is told by this instruction the evidence must show is, " in wrongfully running a freight train of the defendant down to and upon said bridge," and that is the negligence charged in the declaration. The negligence of the employés of the defendant, mentioned in the subsequent part of this instruction, and in the others given on behalf of the plaintiff, refer to the running of said freight train. Certainly it can not be seriously contended that these instructions directed the jury that they might find the defendant liable for acts of negligence different from those alleged in the declaration, as was the case in *W., St. L. & P. Ry. Co.* v. *Coble*, 113 Ill. 115, nor that they call the attention of the jury to acts of care required by the law, of employés of the defendant in the run-

ning of said freight train, which were not mentioned in the declaration, as in *C. & A. R. R. Co.* v. *Bragonier*, 119 Ill. 51. We are at a loss to see how a jury could, under either of these instructions, feel authorized to return a verdict against the defendant, on account of negligence not in issue in the case. Moreover the first instruction given on behalf of the defendant put the burden upon the plaintiff to prove his case as charged in the declaration.

The second and third of plaintiff's instructions purport to inform the jury what facts are necessary, under the law of this State, to render employés of a common master fellow-servants. The second is conceded to be in conformity with the decision of this court in the *Moranda* case, 93 Ill. 302, but it is insisted that it is inapplicable to this case. This contention seems to be based upon the assumption that the fact that plaintiff was seeking to control the trainmen through a flagman, and that the negligence complained of is the failure to observe the signals, tended to show that plaintiff and those in charge of the train were, at the time, co-operating with each other and, therefore, fellow-servants, within the rule that exempts the common master. If that position could be maintained, all employés of one employer would be fellow servants within that rule, whenever it could be shown that, one was at the time of an injury, attempting to prevent another from committing it. The fact that plaintiff had a right to flag the freight train, and that it was the duty of the engineer to obey the signal, in no way tended to establish the relation of fellow-servants between them.

The third instruction given on behalf of plaintiff, in effect, told the jury that if, at the time of the alleged injury, plaintiff and the men in charge of the freight train were employed in different departments, and were not associated with each other, in the performance of their duties, but were wholly separated and disconnected from each other in the performance of their duties, they were not fellow-servants. It is said : " The

jury would naturally infer from the instruction that, an employé in the track department could not be a fellow-servant with one in the operating department, for the simple reason that they belonged to, or worked in, different departments." We do not so understand the instruction. By its express language, it was not enough that the parties named worked in different departments of labor, but they must also have been so employed, as not to be associated with each other in the performance of their duties, but "*wholly separated and disconnected*" in the performance thereof.

We find no substantial error in the instructions given on behalf of the plaintiff.

Thirteen instructions were asked by the defendant, nine of which were given, the last being only as to the form of the verdict, in case the finding was for the defendant. Three of those which were refused, counsel for appellant insist should have been given. They each attempt to lay down the law as to the diligence plaintiff was required to exercise in order to entitle him to recover.

That ground was fairly covered by those given. But these were properly refused because they did not correctly state the law applicable to the case. The first two (numbered 10 and 11) make the plaintiff's right of recovery depend, not upon the exercise of due care on his part in selecting a means of escape, but upon the infallibility of his judgment in making that selection.

The fact that it was possible for plaintiff to escape from the bridge in safety would not defeat his right of recovery if he made a good case in other respects. His failure to exercise reasonable care and prudence in doing so would. The jury was instructed as favorably to defendant on this branch of the case as it had a right to ask, or the law would justify.

The third refused instruction (numbered 13) was also properly refused upon the ground that it had no proper application to the case. There is nothing in the record tending to show

that plaintiff adopted the means of escape pursued by him in preference to others, because of an "advantage supposed to be offered thereby" to himself.

Other grounds of reversal urged by counsel are in our opinion untenable.

We have carefully considered the errors assigned upon this record so far as they are cognizable in this court, and are of the opinion that the judgment of the Appellate Court should be affirmed.

*Judgment affirmed.*