CHRISTOPHER PRONSKEVITCH, Appellee, *vs.* THE CHICAGO
AND ALTON RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1907—Rehearing denied Feb. 7, 1908.*

1. TRIAL—*court cannot weigh the evidence upon motion to di-
rect a verdict.* If there is any evidence in the record of a personal
injury case tending to support a finding that the defendant was
guilty of the negligence charged in the declaration and that the
plaintiff was in the exercise of ordinary care for his safety, the
trial court must refuse to direct a verdict for the defendant with-
out determining where the preponderance of the evidence lies.

2. SAME—*when an objection to question is properly sustained.*
Sustaining an objection to a question asked of a brakeman who was
on the train which struck the surrey in which the plaintiff and
other persons were riding, as to whether he heard one of such per-
sons say anything as the witness came up to the crossing after the
accident, is proper.

3. SAME—*refusal of court to require a private examination of
plaintiff's injuries is not error.* A court cannot compel a plaintiff
in a personal injury case to submit to a physical examination, and
if the plaintiff voluntarily offers to allow the defendant's physicians
to examine his injuries in the presence of the jury, the defendant
cannot complain that the court refused to require the examination
to be held in a private room, in the presence of such witnesses as
plaintiff might desire.

4. NEW TRIAL—*what is not ground for new trial.* A new trial
should not be granted for the newly discovered evidence of phy-
sicians who treated plaintiff in the hospital after his injury, where
no reason is shown why the physicians were not subpœnaed earlier
than they were, or why the one who was found and who testified
at the trial, but who failed to remember plaintiff's case, could not
have refreshed his memory before he testified had defendant used
any diligence to procure his testimony.

5. EVIDENCE—*what evidence as to wages is competent in rebut-
tal.* Proof that the plaintiff, a coal miner, had not earned as much
since his injury as before is competent upon the question of dam-
ages, but when the defendant, to meet such proof, shows by the
book-keeper at the mine that the wages paid to plaintiff since the
injury were about the same as before, the plaintiff may testify, in
rebuttal, that he was obliged to pay part of his wages to his "buddy"
because he could not do heavy work since his injury.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding.

This was an action on the case begun in the circuit court of Will county by appellee, against appellant, to recover damages for personal injuries occasioned by the collision of a freight train on appellant's railroad with a surrey driven by appellee on a public highway near the village of Gardner, in Grundy county.

The railroad, running north-east and south-west through the village, has a double track, the east one being used for north-bound trains and the west one for south-bound. The highway running north and south intersects the tracks just east of the corporate limits of the village and about a quarter of a mile east of the depot. The tracks of the Big Four railroad intersect this highway at right angles a short distance south of appellant's crossing, and also intersect the appellant's tracks about two hundred feet south-west of the intersection of the highway and the appellant's tracks. A switch or Y-track connecting the two railroads is on the north-west side of appellant's road, and leaves its main track a considerable distance east of the highway crossing. Where this Y crosses the highway it is about fifty-five feet north of appellant's main tracks and nearly parallel with them. It connects with the Big Four tracks several hundred feet west of the highway. Appellee was a coal miner and resided at Braceville. He hired a livery rig to drive to Gardner, and together with four other persons was driving south on the highway. The surrey had the curtains on, as it was raining. As they drove on the crossing of appellant's main tracks the vehicle was struck by a locomotive running backwards in a north-easterly direction and drawing fourteen flat-cars and a caboose. The horses were killed, the surrey

destroyed and its occupants thrown out and injured. It is alleged, and there is evidence tending to show, that there were several box-cars on either side of the highway and encroaching thereon, leaving an opening from sixteen to twenty-four feet, only, in width and obstructing the view in both directions of the main track of appellant's road, and that south of the Y the view to the south-west was further obstructed by a tower house at the railroad crossing, an oil house, coal shed and telegraph poles.

The declaration consisted of five counts, the first and fourth charging negligence in running the train, the second a failure to give the statutory signals, the third and fifth that box-cars permitted to stand on the Y obstructed the view and subjected appellee to unnecessary hazard and danger. A trial resulted in a verdict against the appellant for $4500. After a *remittitur* of $1000 a motion for a new trial was overruled and judgment was rendered against appellant for $3500, which has been affirmed by the Appellate Court for the Second District, and a further appeal is prosecuted to this court.

O'DONNELL & DONOVAN, (WINSTON, PAYNE, STRAWN & SHAW, of counsel,) for appellant.

DONAHOE, McNAUGHTON & McKEOWN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellant's counsel have devoted a large part of their argument to a discussion of the preponderance of the evidence. Questions of fact involving a consideration of the weight of the evidence are concluded by the judgment of the Appellate Court. As to the ringing of the bell and sounding of the whistle, the rate of speed of the train, the position and number of box-cars on either side of the highway, the space between these cars, the obstruction of the view of the

railroad, the condition of the highway on both sides, the opportunity of appellee to turn his team around, and the conduct of appellee in approaching the crossing, the evidence is very much in conflict, but there is evidence tending to support a finding that the appellant was guilty of the negligence charged in the declaration and that appellee was in the exercise of ordinary care for his own safety. Therefore the court committed no error in refusing to direct a verdict.

A. B. Crain, one of the brakemen on the train, was called as a witness by appellant and testified that immediately after the accident he heard Katie Casper, one of the occupants of the buggy, say that she tried to stop appellee and keep him from driving across, but he was drunk and did not know what he was doing; that she tried to get the reins to stop him and told him to stop, but he said, "Oh, we can get over all right." Later, Harry Walter, another brakeman, was called by appellant and was asked if he heard Katie Casper say anything as he came up to the crossing. The court sustained an objection to the question. Whatever statement Walter heard her make was not competent evidence against appellee. Crain's testimony in regard to her statement to him was incompetent, and an objection to the question calling for it was sustained by the court but was afterward withdrawn. The objection made to Walter's testimony was rightly sustained.

All of the appellee's clothes were removed from the upper part of his body and his injuries were exhibited to the jury. Appellant requested the court to require him to submit to an examination by its physicians, in the presence of such witnesses as he might desire, in a private room or some place convenient to the court room. Appellee expressed a willingness to be examined before the jury by the physicians of appellant but not out of the presence of the jury. The court refused to compel the examination, and that ruling is assigned as error. We have held that the court has no power to compel the plaintiff in a personal injury case to

submit to a physical examination. (*Peoria, Decatur and Evansville Railway Co.* v. *Rice,* 144 Ill. 227.) Appellee having offered his body voluntarily to the inspection of the jury, it then became a subject of examination under such reasonable restrictions as the court might see fit to require. Inasmuch as appellee offered to submit to such an examination, in the presence of the jury, as the appellant might see fit to make, there was no just cause for complaint.

One of the grounds specified in the motion for a new trial was newly discovered evidence. During the progress of the trial appellant had Dr. Benson and Dr. Clyne subpœnaed. Dr. Clyne was not found but Dr. Benson appeared. He, however, failed to recognize the appellee or recall any knowledge of the case. The newly discovered evidence was the testimony of Dr. Clyne and Dr. Benson in regard to appellee's injuries. They were physicians who attended the appellee at St. Joseph's Hospital, in Joliet, after the accident, from June 4 to August 1. The affidavit of each was presented on the hearing of the motion for a new trial. Appellee's injuries were alleged in the declaration and appellant knew that he had been in the hospital. Ordinary diligence required appellant to inquire there as to the nature of his injuries. No reason is shown why the testimony of these physicians should not have been secured at the trial. If Dr. Clyne had been subpœnaed in time his testimony could have been had. Dr. Benson after the trial refreshed his recollection from the record of the case made by him, and no reason is shown why he could not have done so before, if any diligence had been exercised to procure his testimony.

In proving his damages appellee testified to his earning powers as a coal miner before the injury and the amount he had been able to earn since that time. Appellant then produced testimony to show that his wages since the accident were about the same as they were before. In rebuttal, appellee was permitted to testify that while his wages were about the same since his injury as before, yet he had been

required to pay a part of what he received to his buddy because of his inability to do as heavy work as his buddy. It is claimed that this evidence in rebuttal was improperly admitted. In the first instance the appellee had a right to prove that his earnings since the accident were less than they were before, but he was not required to anticipate any explanation which might be necessary for him to make with reference to any private arrangement he had with his buddy. After the book-keeper of his employer had testified with reference to the amount paid since the accident, it was proper to make any reasonable explanation which might tend to show the consistency of his drawing this amount with his testimony in chief. The evidence was competent in rebuttal and it was not error to admit it.

The second instruction is sustained by *South Chicago City Railway Co.* v. *McDonald,* 196 Ill. 203. The third is substantially the same as the third instruction in the case of *Elgin, Joliet and Eastern Railway Co.* v. *Lawlor,* 229 Ill. 621, and what is there said in regard to that instruction is applicable here. We do not think the judgment should be reversed for the giving of this instruction. The hypothesis in the fourth instruction that if the jury "believe, from the evidence, that the plaintiff was injured by the negligence of the defendant, as charged in the declaration," does not assume or tell the jury that the defendant was negligent. The fifth instruction told the jury they should take into consideration, in the assessment of damages, all of the plaintiff's injuries so far as claimed and alleged in the declaration. There was no allegation of or claim for mental suffering, and the instruction was not erroneous.

The judgment will be affirmed.    *Judgment affirmed.*