## Christina Schuerger, Appellee, v. The City Water Company of East St. Louis and Granite City, Appellant.

1. WATERS AND WATER COURSES, § 45*—*when water company liable for injuries resulting from defective meter box.* In an action for personal injuries sustained by plaintiff resulting from a defective covering over a water meter box located in a sidewalk and belonging to defendant, a City Water Company, a verdict for plaintiff *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

2. DAMAGES, § 208*—*when instruction does not submit question of law.* Instruction directing the jury in estimating damages to take into consideration the elements of damages that "are within the allegations of the declaration," *held* not to submit questions of law.

3. DAMAGES, § 211*—*when instruction as to effect of injury on ability to perform duties not vicious.* Instruction directing the jury to assess damages for the effect that the "said injury has had and will have upon her ability to perform her usual duties," *held* not vicious for failing to specify the duties referred to.

4. DAMAGES, § 193*—*when instruction as to failure of plaintiff to exhibit injury improper.* In an action for personal injuries, defendant is not entitled to an instruction that failure of plaintiff to exhibit her injury to the jury should be taken as a circumstance against her.

5. DAMAGES, § 193*—*when instruction not improper.* An instruction authorizing the jury "to fix such damages, if any, from a preponderance of the evidence, guided by his experience in the everyday affairs of life," *held* not improper.

6. DAMAGES, § 122*—*when verdict for injury to leg not excessive.* Verdict for one thousand dollars for injuries to leg, which developed into a running sore which continued from the time of the injury up to the time of the trial, preventing plaintiff from attending to her usual duties as housekeeper, the injury also causing her to suffer much pain at times, *held* not excessive.

7. DAMAGES, § 168*—*exhibition of injuries.* Plaintiff in an action for personal injuries is not required to submit to a physical examination of his or her injuries.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

M. MILLARD, for appellant; J. L. FLANNIGEN, of counsel.

D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

The plaintiff recovered a judgment against the defendant in the City Court of East St. Louis, Illinois, for one thousand dollars, to reverse which defendant prosecutes this appeal.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

It appears from the evidence, in this case, that at some time prior to May, 1911, the appellant, with the consent of the city of East St. Louis, placed a meter box for the purpose of measuring water along the north side of Henrietta street and between Columbia place and Sixteenth street. The meter box is about three feet deep, fifteen inches in diameter, with a top about flush with the surface of the sidewalk. The meter is circular in form, rests upon the bottom of the meter box and extends about half way to the top, is from six to eight inches in diameter and leaves a space of about six inches between the meter and the box. The top of the meter box is covered by a circular rim into which is fitted an iron lid. The evidence tended to show that the iron lid was too small for the rim and so much so that when a person stepped upon one side of the lid it would tip, and had been in this condition from May, 1911, until the time of plaintiff's injury. There was a fence extending along the north side of and close to this sidewalk. The meter was so constructed that it extended in on the sidewalk the distance of about sixteen inches. On September 24, 1911, appellee was returning home from a friend's house at about the hour of nine o'clock at night, in company with Mrs. Nager, Elmer and Emma Schuerger; she was traveling west along the north side of this sidewalk, stepped on the lid of this meter box when the lid tipped and caused her left foot and leg to fall into the meter box, her foot going down between the meter and the box; it bruised her leg, caused a sore upon the left leg, and as she fell astride the lid it bruised her right thigh; the bruise upon her left leg developed into a running sore which continued up to the time of the trial. She was confined to her bed for two or three weeks and claims to have been a continual sufferer and unable to perform her usual work since receiving the injury. There were no lights on the street at this place and the plaintiff claims that she was not aware of the presence of the meter box, although she had passed along this street frequently.

472     Appellate Courts of Illinois.

Schuerger v. City Water Co. of E. St. L. & G. City, 183 Ill. App. 469.

The declaration, which is not abstracted, appears to be in the usual form and charges that the meter above described was by the defendant negligently permitted to be in a loose, unfastened, defective condition and had been for a long time prior to the injury, which was known to the defendant, or should have been by the exercise of ordinary care, and that the plaintiff on September 24, 1911, while passing along the sidewalk using due care for her own safety, stepped upon the said covering of said meter box which, by reason of its loose, unfastened and defective condition, tipped and threw the plaintiff into the meter box and injured her.

The first contention of the appellant is that the plaintiff was not in the exercise of due care for her own safety at the time of and prior to the injury; and the second contention is that the defendant was not guilty of negligence. It appears from the evidence that at the time the plaintiff was injured she was passing along the north side of Henrietta street walking near the fence, but upon the sidewalk, and that she stepped upon the lid of this meter box when it tipped and caused her left leg to drop into the meter box. That she did not know of the presence of the meter box or its condition.

The evidence further tends to prove that the lid of this meter box was smaller than the rim; that it was located in the traveled part of the sidewalk. That when you pressed upon one side of the lid it would tip and that it had been in this condition from May, 1911, until the time of plaintiff's injury. While it also appears from the testimony of the defendant that a few days prior to this time, when the reading of the meter was taken by its agent, that the box appeared to be in proper condition and safe, there was evidence that tended to support plaintiff's contention that she was in the exercise of due care, and her contention that defendant had been negligent in permitting this lid to remain in a defective condition for several

months, under such circumstances was for the jury
to say whether or not the defendant was negligent and
the plaintiff was in the exercise of due care for her
own safety, and we think the jury was fully warranted
in reaching the conclusion that it did.

It is next contended that the damages awarded
to the plaintiff were excessive. It appears from the
evidence that the plaintiff's left leg was so badly in-
jured that it developed into a running sore and con-
tinued in this condition from the time of the injury
up to the time of the trial; that she was confined to
her bed for two weeks; that she had not, since her in-
jury, been able to attend to her usual duties as house-
keeper, suffered much pain, especially at times, and
that she still had this running sore to contend with.
While it may be true that the jury was liberal in
awarding her damages, yet under the law they are
the proper judges of the amount of damages to be
awarded and unless this court can say that the jury
has been influenced by passion or prejudice or some
other improper agency calculated to induce an exces-
sive verdict then this court has no right to disturb the
verdict upon that account. We are unable to say that
under the testimony of the plaintiff and her physician
as to her condition and suffering that the verdict is
excessive.

It is next contended that the court erred in giving
plaintiff's first instruction, which, among other things,
authorizes the jury "to fix such damages, if any, from
a preponderance of the evidence, guided by his ex-
perience in the everyday affairs of life." This in-
struction was approved substantially in the case of
*North Chicago St. Ry. Co. v. Fitzgibbons,* 180 Ill. 466,
and other cases.

It is next contended that plaintiff's third instruc-
tion is vicious because it directed the jury to assess
damages for the effect that the "said injury has had
and will have upon her ability to perform her usual
duties," without stating what duties would entitle her
to damages. The evidence discloses what her usual

duties were and the jury could have no difficulty in applying this instruction to the evidence. The further criticism that this instruction submitted questions of law to the jury because it stated that they were not determining the damages "to take into consideration the elements of damages that are within the allegations of the declaration." We do not think that this instruction submits questions of law to the jury and the criticism is without merit.

Appellant also contends that the court erred in modifying its ninth, sixteenth, seventeenth, eighteenth and twentieth instructions, in that it struck out the words "and the verdict must be returned for the defendant," in the sixteenth instruction and similar words in each of the other instructions. The jury were told by this sixteenth instruction that if the conditions existed as set forth in the instruction that "plaintiff cannot recover," and similar expressions are contained in some of the other instructions criticised, enough so that the jury could not possibly have been misled as to the duty devolving upon it if no liability existed upon the part of the defendant, and that if the facts were such as to relieve the defendant of liability that the plaintiff could not recover.

The refusal to give defendant's fourteenth instruction which is, "The jury are instructed that the plaintiff had the right to exhibit her sore to the jury, if she has any sore on her leg, for the purpose of showing its character and present condition, and if she has failed to do so that is a circumstance the jury may take into consideration in making up a verdict," is complained of as error. We do not think there was any error in the refusal of this instruction as it would be, to say the least of it, very misleading and would probably cause the jury to infer that it was her duty to exhibit her leg to the jury; this is not the law. It is well settled by a long line of decisions that a plaintiff in an action of this kind is not required to submit to a physical examination of his or her injuries. *City of*

*Chicago v. McNally*, 227 Ill. 14; *Peoria, D. & E. Ry. Co. v. Rice*, 144 Ill. 227. If she is not required under the law to exhibit her leg to the jury, then the defendant certainly would not be entitled to an instruction that would tend to show a failure to exhibit her limb should be taken as a circumstance against her. The court did not err in the refusal of this instruction.

After a careful examination of this record and the the instructions, we are not able to say that any substantial error has been committed in the trial of the case and the judgment of the lower court is affirmed.

*Judgment affirmed.*