(No. 34076.—

THE PEOPLE *ex rel.* Robert Noren, Petitioner, *vs.* JOHN T. DEMPSEY, Judge of the Superior Court, Respondent.

*Announced orally November 16, 1956—Opinion filed Jan. 24, 1957.*

TOM L. YATES, of Chicago, for petitioner.

JOHN GUTKNECHT, State's Attorney, of Chicago, (GORDON B. NASH, and CHARLES D. SNEWIND, of counsel,) for respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an original action of *mandamus* and the question it presents is whether the trial court has power to order the plaintiff in a personal injury action to submit to a physical examination. Robert Noren, the petitioner, is the plaintiff in an action pending in the superior court of Cook County, in which he seeks to recover damages for personal injuries that he alleges were suffered in an automobile accident caused by the negligence of the defendant.

Howard Strong, Jr., defendant in that action, filed a verified petition in which he alleged that he needed information as to the nature and extent of the plaintiff's injuries in order to prepare for trial, and that he had no means of getting that information without an independent physical examination of the plaintiff. He requested the entry of an order requiring the plaintiff to submit to a physical examination by a physician chosen by the defendant, with all incidental expenses to be borne by defendant.

The respondent, Hon. John T. Dempsey, a judge of the circuit court of Cook County, who was hearing the combined motion call of the circuit and superior courts, entered an order that required the plaintiff to submit to an examination by a named doctor at a specified time and place. The order further provided that a physician of the plaintiff's choosing might be present during the examination and that the plaintiff should be given a copy of the report and findings of the examining doctor.

The plaintiff then sought and was granted leave to file an original petition for *mandamus* in this court. The petition stated the foregoing facts and prayed for the entry of an order directing the respondent to expunge the order that he entered. Respondent moved to dismiss the petition. Judgment of this court denying the writ was entered at the conclusion of the oral argument, and this opinion states the reasons for that judgment.

The attack upon the order directing plaintiff to submit to a physical examination is based upon an asserted lack of power in the court to enter it. Because the view that our courts lack that power has been stated in many opinions of this court, we turn at once to a consideration of the pertinent cases.

In the first of them, *City of Freeport* v. *Isbell,* 93 Ill. 381, (1879), the plaintiff claimed that he was suffering from Bright's disease as a result of a fall on a defective sidewalk. He was asked whether he would furnish a speci-

men of his urine for examination, and an objection to the question was sustained. This ruling was held to be error. The court applied the customary rule that permits adverse inferences to be drawn against one who conceals evidence, and held that the plaintiff's refusal might be put before the jury to indicate that the claimed injury to the kidneys was fictitious.

Three years later, in 1882, the court decided *Parker* v. *Enslow*, 102 Ill. 272, in which the doctrine of lack of power was first asserted. The action was *assumpsit* on a promissory note. The defendant had put explosive powder in a box of smoking tobacco kept on a counter in his grocery store. The plaintiff had filled his pipe from the box, and when he lit it the powder exploded, injuring his eyes. The note sued upon was given in settlement of plaintiff's claim for damages. The defense was want of consideration. The condition of plaintiff's eyes at the time of trial was only speculatively relevant, at best. Nevertheless the court stated the question and launched the doctrine of want of power in three sentences, without citation of authority. "Complaint is also made that the court refused to compel appellee to submit his eyes to the examination of a physician in the presence of the jury. There was no error in this. The court had no power to make or enforce such an order." 102 Ill. at 279.

In *Chicago and Eastern Railroad Co.* v. *Holland*, 122 Ill. 461, (1887), and in *St. Louis Bridge Co.* v. *Miller*, 138 Ill. 465, (1891), the question of power was expressly left open. In each case the trial court had refused to order an examination. It was pointed out in the *Holland case* that the plaintiff had submitted to examination by several of defendant's doctors, and in the *Miller case* that no showing had been made that an examination was necessary or proper to promote the ends of justice.

In each of the next two cases, *Joliet Street Railway Co.* v. *Call*, 143 Ill. 177 (1892), and *Peoria, Decatur and Evans-*

*ville Railway Co.* v. *Rice,* 144 Ill. 227 (1893), the court relied on the rule of *Parker* v. *Enslow,* but in each case it also emphasized the insufficiency of the showing as to the necessity for a physical examination. In the *Rice case* it appeared that the plaintiff had previously been examined by two physicians under an order entered by the trial court. And in that case the court pointed out that a defendant was not likely to be hurt by the rule of *Parker* v. *Enslow,* because evidence of the plaintiff's refusal to submit to examination could be put before the jury.

*Richardson* v. *Nelson,* 221 Ill. 254, (1906), rested squarely on *Parker* v. *Enslow* and want of power. In *City of Chicago* v. *McNally,* 227 Ill. 14, (1907), the defendant asked the plaintiff, before the jury, whether she was willing to submit to a physical examination. An objection was sustained. The court did not decide whether the plaintiff should be required to answer, because the question was not in proper form. But the opinion pointed out that in any event the defendant was not hurt, because it was permitted to argue the refusal to the jury. The opinion in *Pronskevitch* v. *Chicago and Alton Railway Co.* 232 Ill. 136, (1908), repeated the statement that the court was without power to order an examination, but pointed out that the defendant was not hurt because plaintiff had agreed to an examination before the jury, while defendant apparently insisted on one outside the presence of the jury.

In *Mattice* v. *Klawans,* 312 Ill. 299, (1924), citing only *City of Chicago* v. *McNally,* the court held that the plaintiff could not be asked before the jury whether he would submit to an examination, because the effect of permitting the question would be to require plaintiff to submit. *People* v. *Scott,* 326 Ill. 327, (1927), involved a sanity hearing after defendant had been found guilty of murder and sentenced to death. It was held error to allow the State to prove that the defendant had refused to permit doctors appointed by the court to examine him, and it was also held that the

trial court was without authority to appoint alienists to examine the defendant with a view to testifying as the court's witnesses. The *Mattice case* was adhered to, with two judges dissenting, in *Chicago, Rock Island and Pacific Railway Co.* v. *Benson,* 352 Ill. 195, (1933).

The net of these cases is that it has been said many times that our courts lack the power to require a plaintiff in a personal injury case to submit to a physical examination. But what is most striking about them is that no reason for the asserted want of power has ever been stated, nor has the problem ever been analyzed. It has been *ipse dixit* from the outset. Yet Wigmore's classic treatment of the problem (Wigmore, Evidence, 3d ed., sec. 2220,) makes it clear that the common law, from earliest times, permitted and required physical examinations where they were necessary. And other courts have recognized an inherent power to require them when the ends of justice require. *S. S. Kresge Co.* v. *Trester,* 123 Ohio St. 383, 175 N.E. 611; *Brown* v. *Hultzler Bros. Co.* 152 Md. 39, 136 Atl. 30; *Cook* v. *Miller,* 103 Conn. 267, 130 Atl. 571; *Cohen* v. *Philadelphia Rapid Transit Co.* 250 Pa. 15, 95 Atl. 315.

The court seems to have lacked full confidence in the theory of want of power, for in many cases in which decision could have been rested on that ground alone, if indeed it was the basis of decision, the court has been at pains to point to circumstances that would have made the exercise of the power inappropriate if it existed. In every case the judgment of the trial court has been affirmed, and in no case has a judgment been reversed because the trial court ordered the plaintiff to submit to an examination. None of the cases in which lack of power was asserted involved an effort by a defendant to secure an order for a physical examination in advance of trial upon a showing that such an examination was necessary to enable him to prepare his defense.

Two possible explanations of this treatment of the problem occur to us. Strong feelings as to the "inviolability

of the person" (see the majority opinion in *Union Pacific Railway Co.* v. *Botsford,* 141 U.S. 250, (1891),) may have been tacitly responsible. But when one seeks to recover damages on the basis of his physical injuries he puts his physical condition in issue. It becomes a fact to be proved, as much as the physical conduct that gave rise to his injury, or the documents on which a right to recover is asserted in a contract action. The basic principle that animates our law of evidence is that what is relevant is admissible. Exceptions to that principle must justify themselves. If there is to be exception here, it must be because a privilege exists. And a privilege in the law of evidence, to be soundly based, must rest on considerations that make it more desirable to risk concealment of the truth than to disrupt the values that the privilege supports. No such considerations are involved in the ordinary physical examination in a personal injury case.

The other explanation is that the doctrine of "lack of power" may have been a shorthand way of saying that the court felt that it was appropriate for the legislature, and not the courts, to determine that such examinations should be permitted. (Cf. *People ex rel. Wayman* v. *Steward,* 249 Ill. 311, 316. This view, however, ignores the common-law precedents that permitted physical examination where necessary, and it overlooks the power of our courts to regulate judicial procedure. (*People* v. *Callopy,* 358 Ill. 11; *Agran* v. *Checker Taxi Co.* 412 Ill. 145.) Moreover, it involves the dubious assumption that the legislature could today constitutionally cut off a reasonable and appropriate method of getting at the truth in a judicial controversy. Since *Parker* v. *Enslow* was decided there has been a substantial change in judicial attitude. Excessive emphasis upon the adversary aspects of our system, and hence upon the sporting chances of a trial, has yielded to universal recognition of the role of a trial as a search for truth. Limited discovery, available only in equity, has been

replaced by comprehensive discovery available in all actions. In the light of the comprehensive discovery allowed today, it would be difficult to justify an exception that would single out for disparate treatment the case of the plaintiff who seeks damages because of his physical condition.

By decision, by rule of court, and by statute, physical examination is almost everywhere permitted in appropriate cases. (Wigmore, Evidence, 3d ed., sec. 2220; see cases collected, 51 A.L.R. 183; 108 A.L.R. 142; 135 A.L.R. 883.) That this result is supported by strong policy considerations is apparent from the fact that in workmen's compensation cases, and in many other instances, our statutes require physical or mental examinations. Ill. Rev. Stat. 1955, chap. 48, pars. 138.12, 172.47; chap. 91½, pars. 4—4, 6—1; chap. 38, par. 823.

It is common knowledge that the circuit court of Cook County has for years consistently ordered plaintiffs to submit to physical examinations in appropriate cases. In *People ex rel. Leighty* v. *Fisher,* No. 30219 (1947, unreported), this court denied leave to file an original petition for *mandamus* to expunge an order of the circuit court of Cook County that required the plaintiff in a personal injury case to submit to physical examination. The time has come for this court to recognize explicitly the propriety of this practice. *Parker* v. *Enslow,* 102 Ill. 272, and other cases that have asserted a want of power in our courts to order a physical examination when physical condition is in issue are overruled.

Defendant's petition for the entry of the order alleged that he was without information as to the nature and extent of plaintiff's injuries, that he had no means of getting that information except by independent physical examination, and that the information was necessary to enable him to prepare for trial. There was no suggestion by the plaintiff that physical examination would involve any unusual hazard. No objection was made as to the competence of the

examining physician, or the reasonableness of the time and place fixed for the examination. Defendant's petition stated that all incidental expenses would be borne by the defendant. While the order is silent as to the matter of expenses, we assume that the defendant's undertaking to pay incidental expenses includes reimbursement of the plaintiff for any wages that he may lose by complying with the order.

For these reasons the writ of *mandamus* was denied.

*Writ denied.*