THE WEST CHICAGO STREET RAILWAY COMPANY

*v.*

MARCUS FISHMAN.

196:38 LRA723n

*Opinion filed November 8, 1897.*

1. TRIAL—*how to preserve question of sufficiency of evidence as one of law.* A defendant desiring, after the close of the evidence, to preserve for review the question of the sufficiency of the evidence to sustain a verdict as one of law, should move to exclude the evidence and for a written instruction directing a verdict in his favor.

2. APPEALS AND ERRORS—*party must ask peremptory instruction before submitting case.* The Supreme Court will not review the action of the trial court in refusing to give an instruction directing a verdict for the defendant, where the instruction is asked by the defendant after other instructions have been given at his request which submit the case to the jury upon the facts.

3. EVIDENCE—*when non-expert witnesses may express opinions.* Non-expert witnesses may express opinions where the subject matter of their testimony is such that it cannot be reproduced and described to the jury precisely as it appeared at the time, as, where the subject is the state of another's health, his ability to work or his apparent suffering, his state of mind, and kindred topics.

4. SAME—*expert testimony—on cross-examination, facts not in evidence may be incorporated in hypothetical question.* Upon cross-examination of an expert witness a fact not testified to may be assumed in a hypothetical question, the purpose of which is to elicit upon what the expert based an opinion expressed in his examination in chief, or to ascertain the witness' qualification as an expert.

*West Chicago Street R. R. Co.* v. *Fishman,* 68 Ill. App. 445, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

B. M. SHAFFNER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action on the case, instituted in the Superior Court of Cook county, to recover damages for personal injuries alleged to have been sustained by the

appellee by reason of the alleged negligence of the servants of the appellant company.   A trial by jury resulted in a judgment in the sum of $2500 in favor of the appellee.   An appeal was perfected to the Appellate Court for the First District by the appellant company, where the judgment of the Superior Court was affirmed, from which affirmance a further appeal has been prosecuted to this court.

It is complained the court refused to grant an instruction asked by the appellant company directing the jury to return a verdict in its favor.   This instruction was one of a series presented to the court after the case had gone to the jury.   The court properly refused it, for the reason it called upon the court to decide, as matter of law, the evidence did not warrant the submission of the case to the jury.   The appellant had already submitted the case, and thereby conceded the character of the evidence warranted that course, and having done so could not be allowed to retrace its steps and demand the court should exclude the evidence and peremptorily direct a finding in its favor.   If the purpose of appellant was to preserve for review in this court the question of law sought to be presented to the court by the instruction, it should, before submitting the case to the jury, have entered its motion to exclude the evidence and for a written instruction directing the jury to find a verdict in its favor. *Peirce* v. *Walters*, 164 Ill. 560; *Vallette* v. *Bilinski*, 167 id. 564.

The appellee, a German, who spoke and understood our language but imperfectly, being asked, when on the stand as a witness, "Where did you go after the month in which you were at home?" replied, "I tried to go to work, but couldn't."   The witness Meyer, who was introduced for the purpose of showing the condition of the appellee after he was injured, while testifying with relation to an interview had with him while he was confined to his bed, being asked the following question, "I ask you if he (appellee) answered you?" replied, "He answered me, but he

didn't answer right." The witness Bott, who had testified she visited appellee about the same time, was asked, "How did you find him?" and she answered, "I found him very ill." The appellant company objected to each of these answers and moved they be stricken out, and saved an exception to the refusal of the court, in each instance, to sustain its motion.

The answer made by appellee was not responsive to the question asked him, but, at most, was but an assertion he made the effort to work but was physically unable to do so. The answer of the witness Meyer amounted to an expression of his opinion that appellee was not at the time in the full possession of his mental faculties, and that of the witness Bott that the appellee was at the time very ill. The argument in support of the objections to all of these answers is comprehended within the general rule a witness, not an expert, is not competent to testify to an opinion. Where a previous habit or study is essential to the formation of an opinion sought to be put in evidence, only such persons are competent to express an opinion as have, by experience, special learning or training, gained a knowledge of the subject matter upon which an opinion is to be given, superior to that of an ordinary person. Witnesses not experts are, however, allowed to express opinions when the subject matter to which the testimony relates is such in its nature it cannot be reproduced and described to the jury precisely as it appeared at the time. Opinions may be given by non-expert witnesses as to the state of health, hearing or eyesight of another, or the ability of another to work or walk or use his arms or legs naturally, or whether such other is apparently suffering pain, or is unconscious, in possession of his or her mental faculties, intoxicated, excited, calm, etc. (*City of Aurora* v. *Hillman*, 90 Ill. 61; *Chicago, Burlington and Quincy Railroad Co.* v. *Martin*, 112 id. 16; *Spear* v. *Drainage Comrs.* 113 id. 632; *Chicago City Railway Co.* v. *Van-Vleck*, 143 id. 480; *Carter* v. *Carter*, 152 id. 434.) It therefore

seems clear no error intervened in the decision of the court in its rulings as to the admissibility of the answers under consideration.

The appellee introduced one Theodore Cavana as a witness in his behalf, and upon cross-examination counsel for appellant asked the witness if he had not, in response to questions propounded by a representative of the appellant company, at an interview prior to the meeting of the court, made certain statements in answer to such questions of such representative of the appellant company. It appeared the representative of the company referred to, reduced to writing the questions asked the witness and the answers returned, and that counsel for appellant held such writing in his hand and read questions therefrom while cross-examining the witness. Counsel for appellee insisted the written statement should be admitted to go to the jury, and while the court had such insistence under consideration the counsel for appellee asked the witness the following question: "Did you, at the time the representative of the company called upon you, have the questions put to you, and did you make the answers thereto as are contained in the statement that was shown to you by counsel for defendant?" to which, over the objections of appellant's counsel, the witness answered, "I did." Exception was saved to the admission of this answer, and the point is urged in this court. The purpose of the testimony was to identify the paper as a necessary step preliminary to its introduction in the event the court should deem it proper to be read in evidence to the jury. The paper was not read in evidence. No reason is suggested, and we perceive none, in support of the insistence the appellant company was prejudiced by the identification of the paper.

The appellant company introduced as a witness in its behalf Dr. George J. Tobias. His testimony consisted mainly of expert medical opinions. Upon cross-examination, counsel for appellee, over the objection of counsel

for appellant, was allowed to propound to the witness the following question: "Now, suppose blood oozed from the right ear and also from the mouth, what would that denote?" The witness, in reply, gave his opinion as to the conclusions to be drawn if blood oozed from the right ear, which, in effect, was, if the blood exuded in large quantities it might indicate there was a laceration of some of the brain substance. The complaint as to this question and answer is, it did not appear from the evidence any blood oozed from the ear of the appellee, but only that blood flowed from his mouth.

In the direct examination of an expert witness the facts assumed in a hypothetical question should be only such as are fairly within the scope or range of the testimony. Upon cross-examination, any fact which, in the sound discretion of the court, is pertinent to the inquiry, whether testified to by any one or not, may be assumed in a hypothetical question, with the view of testing the skill, learning or accuracy of the expert, or to ascertain the reasonableness or expose the unreasonableness of the opinion he has expressed to the jury. (*Dilleber* v. *Home Life Ins. Co.* 87 N. Y. 79; *Louisville Railroad Co.* v. *Falvey*, 104 Ind. 409; *Kelley* v. *Erie Telegraph Co.* 34 Minn. 321; Rogers on Expert Testimony, 50; 1 Thompson on Trials, sec. 631.) A question, although it goes beyond the scope of the evidence, may be propounded upon cross-examination, if its office and purpose is to elicit the reason upon which the expert based an opinion expressed by him in his examination in chief, or to ascertain the extent of his learning and knowledge of the particular subject upon which he assumes to be an expert. 1 Thompson on Trials, sec. 627; Stephens on Evidence, art. 59.

Believing the record is free of error reversible in character, the judgment must be and is affirmed.

*Judgment affirmed.*