CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY

*v.*

FRANCIS F. RANDOLPH.

*Opinion filed October 25, 1902.*

1. NEGLIGENCE—*slight negligence is not incompatible with due care.* The question in an action for injuries received at a public crossing of a railroad is not whether the plaintiff was free from even the slightest negligence, but whether he acted with that degree of care which a reasonably prudent person would have exercised under like conditions.

2. SAME—*assumed risk—doctrine does not apply to strangers.* If the actions of the plaintiff when attempting to cross a railroad track at a public crossing are such as to preclude his recovery, it is upon the ground of his failure to use reasonable care, and not that of "assumed risk," as in case of the relation of master and servant.

3. APPEALS AND ERRORS—*objection to evidence cannot be first made on appeal.* A party cannot omit all objection to evidence, act upon it as proper in the trial court, and after an unfavorable verdict urge, on appeal, that the evidence was incompetent.

4. EVIDENCE—*when opinions of witnesses in personal injury case are proper.* Alleged opinions of non-expert witnesses as to the injury of plaintiff and its effect upon his health, which consist of statements that plaintiff "was suffering," "was nervous," "in misery," "weak," "feeble," "in distress," "sore" and "in pain," are competent.

*C. & E. I. R. R. Co. v. Randolph,* 101 Ill. App. 121, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

H. M. STEELY, (W. H. LYFORD, of counsel,) for appellant.

ISAAC A. LOVE, and W. R. JEWELL, Jr., for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The judgment in the sum of $1500, awarded the appellee against the appellant company in the circuit court of Vermilion county as damages for personal injuries sustained by appellee through the alleged negligence of the appellant company, was affirmed by the Appellate Court for the Third District, and the record thereof is before this court by the further appeal of the railway company.

The appellee, while endeavoring to pass over the tracks of the appellant company at a public crossing in Germantown in a buggy, was run upon by the tender of a locomotive which servants of the appellant company were moving with a backward motion over and across the public crossing.

Counsel for the appellant company concede the evidence was such as to present to the jury, as a question of fact, whether the company was guilty of negligence as charged in the declaration. Counsel, however, contend it appeared in the evidence, without dispute, that the appellee, in going upon and attempting to cross the tracks of the railroad company, deliberately calculated upon the chances of driving across the tracks before the engine would reach the crossing and voluntarily took the risk of reaching and clearing the crossing before the engine could strike him, and that for this reason the court, in passing upon the motion entered by the appellant company for a peremptory verdict in its favor, should have held, as matter of law, the appellee was guilty of contributory negligence, and should have directed a verdict for the company.

The engine which struck the appellee had been engaged for fifteen or twenty minutes in switching cars back and forth across the public crossing, and during

that period of time had obstructed the crossing. The appellee was waiting to cross, and the evidence tended to show that the engine was put in rapid motion toward the south, with every appearance that the work of switching had been finished there and that the engine was going away from the locality of the crossing to work elsewhere, and that he believed he could cross with entire safety. He therefore attempted to pass along the highway over the railway crossing. His view of the engine was obstructed by a freight car. Without any warning whatever the motion of the engine was suddenly reversed and it was moved rapidly backward over the crossing, and thus ran upon and injured the appellee. The trial court correctly regarded it as a question of fact, under the proof, whether the appellee exercised reasonable care for his own safety in attempting to cross the tracks. The question was not, as counsel for appellant argue, whether the appellee was free from even the slightest negligence, but whether he acted with that degree of care which a reasonably prudent and cautious person would have exercised under like conditions. (*Chicago, St. Louis and Pittsburg Railroad Co.* v. *Hutchinson,* 120 Ill. 587.) Slight negligence is not incompatible with due and ordinary care, and if one has proceeded with ordinary care, though slightly negligent, he has observed the degree of care required by law. *Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 Ill. 546; *Chicago City Railway Co.* v. *Dinsmore,* 162 id. 658.

Complaint is made that the appellee, in order to enhance his damages, was permitted to prove that his wife rendered services to him as a nurse, and that he agreed to pay her therefor. In this same connection we may consider the further complaint that the court erred in so framing an instruction given to the jury on the motion of the court, as to warrant the inclusion of the value of the services of the wife in assessing the damages to be awarded to the appellee.

The testimony having reference to the services of the wife in nursing the appellee was given by the appellee. It was, in substance, that he required care and nursing; that his wife and son and others, his neighbors, waited upon and nursed him; that he agreed to pay his nurses, including his wife, for their labor; that he was waited upon and nursed for thirteen weeks, and that the total expense for such services was ten dollars per week. Counsel for appellant did not object to this testimony, ask that it be excluded or that the jury be instructed to disregard it, or in any way ask the court to rule as to its admissibility, nor did the court make any ruling thereon. Counsel for appellant treated the testimony as admissible and proceeded to cross-examine with reference thereto, and in the course of such cross-examination brought out the fact that nothing had been said between the husband and wife as to how much should be paid to the wife. The court did not make, or was not asked to make, any ruling as to the admissibility of the testimony. The litigants proceeded upon the theory it was competent and proper proof. There is therefore nothing in the record on which to base an assignment that error intervened in the admission of the evidence. Had the objection been raised in the trial court the testimony might have been withdrawn or the jury instructed to disregard it and the record freed from error. The appellant company could not be permitted to omit all objection, act upon the testimony as legal and proper in the trial court, take the chances of a favorable verdict, and, that failing, complain in this court for the first time that an error thereby crept into the record.

In the instruction framed by the court, upon the motion of the court, for the purpose of advising the jury as to the elements of damages in the event the verdict should be for the plaintiff, the reasonable expenses, if any are proven, "in repairing the buggy and harness, in nursing and physician's services," are mentioned as proper for

consideration. It is urged a general objection preserved to this instruction calls upon this court to reverse the judgment on the ground the instruction, in view of the evidence, authorized the jury to include the value of the services rendered by the wife in the damages assessed to be paid by the appellant company. The parties, in producing the testimony for the consideration of the jury, proceeded upon the theory the value of the services of the wife in nursing her husband, if rendered upon a contract that she should be paid therefor, was, in legal contemplation, proper to be considered by the jury in arriving at the damages sustained by the husband. In the instruction under review the court merely accepted the view entertained and acted upon by the parties, and instructed accordingly. The appellant company did not seek to have the jury otherwise instructed on the point, and cannot now be heard to complain that the jury were permitted to decide the case on evidence which it voluntarily allowed to go to the jury as proper and competent to be heard and considered.

The objection that a number of witnesses were improperly allowed to give in evidence opinions as to the injury received by appellee and its effect upon his health is not well taken. We have examined all the testimony pointed out by counsel to which the objection applies. It consists of statements of witnesses that the appellee was "suffering," was "nervous," was "in misery," "weak," "feeble," "in distress," "sore," "in pain," "nauseated," etc. This testimony was competent, within the rule laid down in *West Chicago Street Railway Co.* v. *Fishman,* 169 Ill. 196. We there said (p. 198): "Where a previous habit or study is essential to the formation of an opinion sought to be put in evidence, only such persons are competent to express an opinion as have, by experience, special learning or training, gained a knowledge of the subject matter upon which an opinion is to be given, superior to that of an ordinary person. Witnesses not experts are, however,

allowed to express opinions when the subject matter to which the testimony relates is such in its nature it can not be re-produced and described to the jury precisely as it appeared at the time. Opinions may be given by non-expert witnesses as to the state of health, hearing or eyesight of another, or the ability of another to work or walk or use his arms or legs naturally, or whether such other is apparently suffering pain, or is unconscious, in possession of his or her mental faculties, intoxicated, excited, calm," etc.

Instruction No. 25 asked by the appellant company but refused, was, in substance, that if the appellee attempted to cross the track of the railroad under certain circumstances specified in the instruction, "that then, under the law, the plaintiff assumed the risks, perils and dangers incident to so doing," and could not recover because of such assumption of the risk and peril from which he received the injury. The principle that a servant of sufficient age and experience who voluntarily contracts to enter the employ of a master assumes the risks ordinarily and usually incident to the employment and will be supposed to have contracted with reference to such risks, has no reference to the rights and duties of the parties to this cause. The appellee bore no contractual relation to the appellant company. He was charged with the duty of exercising ordinary care for his own safety, and if he conducted himself with that degree of prudence and caution he was entitled to recover if injured by the negligence of the appellant company. If he failed to so order his actions he should have been denied a right to recover, not on any theory that he had assumed the dangers and risks from which he was injured, but because he had failed to act with reasonable care.

There appears no reason we should interfere with the judgment. It is affirmed.     *Judgment affirmed.*