## THE CITY OF CHICAGO
### v.
## ANNIE M. McNALLY.

*Opinion filed April 18, 1907.*

1. EVIDENCE—*opinions of experts should be based on objective testimony.* Opinions of physicians as to plaintiff's injuries should be based upon objective, and not subjective, symptoms, and should be the expression of the witness from what is manifest to him rather than from what the plaintiff has said; but the physician, in forming his opinion, may be guided to some extent by what the plaintiff has said in detailing her pain and suffering.

2. SAME—*rule as to admissibility of plaintiff's declarations as to pain and suffering.* To entitle plaintiff's declarations as to her pain and suffering to be admitted in evidence such statements must be a part of the *res gestæ,* or made to her attending physician during treatment or examination prior thereto and without reference to bringing a suit for damages, unless the examination is made at the instance of the defendant with a view to trial.

3. SAME—*when person must be an expert in order to give opinion.* Where a previous habit of study is essential to the formation of an opinion sought to be put in evidence, only such persons are competent to express an opinion as have, by experience, special learning or training, gained a knowledge of the subject matter superior to that of the ordinary person.

4. SAME—*right of non-experts to give opinions.* Witnesses not experts may be allowed to express opinions when the subject matter to which the testimony relates is such as in its nature cannot be reproduced and described to the jury precisely as it appeared at the time, including opinions as to the state of health of another, his ability to work or use his limbs naturally, whether he is apparently in pain, in possession of his mental faculties, and the like.

5. SAME—*when opinions of physicians are not based upon subjective symptoms.* Physicians who had examined the plaintiff prior to the trial but who were not attending her during treatment may express opinions that she was emotional, nervous, lacking in power of concentration and unable to work at anything requiring mental concentration; and such opinions cannot be said to be based upon subjective symptoms. (*Chicago and Eastern Illinois Railroad Co.* v. *Donworth,* 203 Ill. 192, distinguished.)

6. SAME—*when opinion of a physician as to cause of plaintiff's condition is competent.* An opinion of plaintiff's attending physician that the condition in which he found her on the day of the accident must have been caused by some traumatism or injury is

not incompetent, as invading the province of the jury; but its alleged incompetency cannot be urged on appeal, where no exception thereto was preserved.

7. SAME—*the plaintiff cannot be asked, on cross-examination, whether she will submit to examination.* The plaintiff in a personal injury case cannot be required to submit to an examination as to her injuries, nor is it proper, in the presence of the jury, for the defendant's counsel to ask her whether she is willing to submit to such examination.

8. SAME—*when improper answer is not reversible error though stricken out.* Where the defendant in a personal injury case, in cross-examining a witness for the plaintiff with reference to his frequent appearance in court as an expert witness, asks the witness if he did not testify in a case against the defendant the week before, the answer, "Yes, sir; and they got $10,000 in that case," is clearly irresponsive and is properly stricken out, but being an answer to an immaterial question it is not reversible error, as having a prejudicial effect notwithstanding it was stricken out.

9. APPEALS AND ERRORS—*when an alleged error in refusing to allow witness to answer is harmless.* Alleged error in refusing to allow the plaintiff in a personal injury case to answer the defendant's question as to whether she was willing to submit to an examination as to her injuries is harmless, where counsel for the defendant, in his argument to the jury, commented upon the plaintiff's refusal to submit to an examination by reputable physicians, and stated that the defendant would like to know from some reputable doctor what her condition really was.

10. NEW TRIAL—*when affidavit does not show due diligence in discovering evidence.* An affidavit for new trial by a city upon the ground of newly discovered evidence, to the effect that the plaintiff, who claimed to be unable to work, had been seen, after her injury, at the home of her parents in a foreign State doing ordinary work, which states that an employee of the city attorney's office had gone to such place before the trial but had been unable to ascertain the facts as to her condition, but which does not state what he did or what efforts he made, does not show due diligence.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. FROST, Judge, presiding.

This is an action on the case in the superior court of Cook county by appellee, against appellant, to recover for personal injuries sustained by falling on a public sidewalk

on the west side of Forty-second avenue, near West Madi-son street, in the city of Chicago.

The evidence shows that the sidewalk was about six feet wide, eight or ten inches from the ground, and consisted of three stringers extending north and south, equal distances apart, with planks some six inches wide nailed across them. The east and west stringers had become rotten but the middle one remained sound. One of the six-inch planks was out of the walk, leaving an open space of that size. On April 17, 1901, between ten and eleven o'clock in the morning, appellee and her sister-in-law were passing along the walk on their way to church. When they came to the opening, appellee was about to step over it when her sister-in-law stepped on the west end of the board next to it and the east end flew up, tripping appellee, who fell and was injured. The walk had been in that condition for about two months prior to the injury.

Upon a trial in February, 1903, a verdict was returned in favor of the plaintiff, which was subsequently set aside upon a motion for new trial. A second trial in March, 1905, resulted in another verdict in her favor, upon which judgment was rendered, which has been affirmed by the Appellate Court and a further appeal prosecuted to this court.

FRANK D. AYERS, City Attorney, (EDWARD C. FITCH, of counsel,) for appellant.

CHARLES J. TRAINOR, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Complaint is made of the ruling of the trial court in the admission of evidence. Dr. Adams, a witness called on behalf of appellee, testified that in the course of his examination of her he ascertained that her mental condition was fair, her emotional features were quite pronounced and she cried easily and without cause; that upon another examina-

tion he found the emotional side of the case still manifest, and she was rather hard to examine on that account; that her diseased condition would greatly diminish her ability to do fine work with her hands; that a continuous effort would be hard, but that she could do some work. Dr. Marshall, who was the appellee's attending physician, testified that he found tenderness over the spine, just above the hips, also between the shoulders and in the region of the neck; that she was very feeble and depressed and had a rapid pulse; that she was quite irritable, easily disturbed and complained very much. Dr. Skelton testified that she had the muscles to work but was lacking in nerve power. She could not concentrate enough power to work at anything which required mental concentration. The objections to the competency of this evidence are stated by counsel as follows: Because it is based upon subjective, rather than objective, symptoms; that it was dependent upon the self-serving declarations and statements of the appellee, and the witnesses were permitted to express opinions which were not the subject of expert testimony but were clearly questions of fact for the jury.

It is no doubt the rule that the opinions of expert witnesses in cases of this kind should be based upon objective, and not subjective, symptons, and should be the expression of the witness from what is manifest to him rather than from the words of the person examined. (*Chicago and Eastern Illinois Railroad Co.* v. *Randolph,* 199 Ill. 126.) We have, however, held that a physician, when asked to give his opinion as to the cause of a patient's condition at a particular time, must necessarily, in forming his opinion, be to some extent guided by what the sick person may have told him in detailing his or her pains and sufferings. But such declarations, being in favor of the party making them, are only competent when made a part of the *res gestæ,* or when made to a physician during treatment or upon an examination prior thereto and without reference to the

bringing of an action to recover damages for the injury complained of, unless the examination should be made at the instance of defendant with a view to the trial. (*West Chicago Street Railroad Co.* v. *Carr,* 170 Ill. 478; *Chicago City Railway Co.* v. *Bundy,* 210 id. 39.) The evidence of Dr. Marshall, who was the attending physician of appellee, falls within the last named rule. We have also held that where a previous habit of study is essential to the formation of an opinion sought to be put in evidence, only such persons are competent to express an opinion as have by experience, special learning or training gained a knowledge of the subject matter upon which an opinion is to be given, superior to that of an ordinary person. Witnesses not experts are, however, allowed to express opinions when the subject matter to which the testimony relates is such as in its nature cannot be reproduced and described to the jury precisely as it appeared at the time. Opinions may be given by non-expert witnesses as to the state of health, hearing or eyesight of another, or the ability of another to work and walk or use his arms or legs naturally, or whether such person is apparently suffering pain, or is unconscious, in possession of his or her mental faculties, intoxicated, excited, calm, etc. (*West Chicago Street Railway Co.* v. *Fishman,* 169 Ill. 196; *Chicago and Eastern Illinois Railroad Co.* v. *Randolph, supra.*) We think the evidence objected to comes within this rule. In each case where the witness expressed an opinion as to the condition of appellee he stated the basis of his opinion, which was upon objective, rather than subjective, symptoms. It cannot be denied that a person's mental condition may be ascertained by outward appearances as well as by what the patient says. A physician could also ascertain from outward signs whether a person was nervous, feeble, irritable, suffering pain or capable of performing certain mental labor.

It is insisted that the testimony of the witnesses objected to by appellant was incompetent under the views

expressed in the case of *Chicago and Eastern Illinois Rail-road Co.* v. *Donworth*, 203 Ill. 192. The question at issue in that case was entirely different from the one at bar. A physician was there called upon to examine a patient three years after the alleged injury, for the purpose of testifying in an action against the railroad company charged with having caused it. The injured party had never been under the treatment of the physician and was examined solely for the purpose of enabling him to testify. The question was as to the ability of the injured person to hear, and the testimony of the witness was based entirely upon what the patient said with reference to his hearing. That case has no proper bearing upon this.

We do not think the court committed any error in overruling the objection to the evidence in the case at bar.

Dr. Marshall testified that the condition in which he found appellee on April 17, 1901, must have been caused by some traumatism or injury. It is insisted that the question as to the cause of appellee's condition was purely a question of fact for the jury, and that the answer of the witness invaded that province. We do not think this contention can be maintained even if the objection to the question had been properly preserved. The record, however, fails to disclose any exception to its admission on behalf of the appellant, and the question is not therefore properly before us.

Upon cross-examination counsel for appellant attempted to ask the appellee whether she was willing to submit to a physical examination as to her injuries. Before the question had been entirely put to the witness an objection was made, and counsel for the respective parties retired with the court to his chambers to consider the propriety of the question out of the hearing of the jury. The court ruled that he would permit the record to show that the question was sought to be asked in the presence of the jury and the request refused. Upon returning to the court room appellee

was asked whether she was willing to submit to a physical examination. Objections were sustained to the question, and this ruling is assigned as error. We have held in a great many cases that the plaintiff in an action of this kind cannot be required to submit to a physical examination as to his or her injuries. (*Parker* v. *Enslow*, 102 Ill. 272; *Peoria, Decatur and Evansville Railway Co.* v. *Rice*, 144 id. 227.) But the question whether or not one may be asked, in the presence of the jury, as to his or her willingness to submit to an examination has never been before us for decision. We think the question in the form it was asked was properly refused. But whether it was or not, appellant was not injured thereby. In his argument before the jury counsel was permitted by the court to comment upon the refusal of appellee to submit to an examination by reputable physicians. He stated that the city of Chicago would like to know from some other doctor what her condition was, and the jury would like to have the advantage of the testimony of some reputable physician upon the other side of the case who had examined her and could tell whether he found the same conditions as were testified to by the three physicians in her behalf. The only benefit which appellant could have derived from an express refusal, before the jury, by the appellee to submit to a personal examination it more than had by the argument of its counsel before the jury. It was therefore in no way injured by the refusal of the court to permit the question to be asked.

Dr. Skeleton was asked, upon cross-examination, by counsel for appellant, concerning his frequent appearance in court as a professional expert witness, and he replied, "I have testified in one case,—the Madigan case,—against the city since you have been trying for the city." The question was then asked, "That was tried week before last?" The witness replied, "Yes, sir; and they got $10,000 in that case." Objection was made to the answer, which was sustained by the court, but it is insisted that the answer

was, notwithstanding, reversible error. The answer was clearly improper as not responsive to the question, and the witness should not have made it. The question to which the answer was made, however, was itself immaterial and should not have been asked. In the absence of anything to show that defendant was prejudiced by the irresponsive answer it cannot be allowed to affect the judgment below.

Appellant sought a new trial upon the ground of newly discovered evidence, and in support of the motion presented several affidavits of persons living in the vicinity of Whitmore Lake, Washtenaw county, Michigan, to the effect that at various times after the injury they had seen appellee at the home of her parents at that place, and she had been engaged in household labors and various other duties and pleasures, apparently in robust health. These affidavits were for the purpose of contradicting appellee in her claim that her injuries were serious and permanent. For the purpose of overcoming the charge of lack of diligence in not procuring this evidence previous to the trial, F. D. Ayers, one of the attorneys for appellant, made affidavit that on March 15, 1905, F. W. Altpeter, of the city attorney's office of the city of Chicago, went to Whitmore Lake and visited the homes of various persons living in that vicinity and made inquiries as to the physical condition of appellee and as to her ability to work; that he was unable to ascertain the facts as to her condition, and that the information set up in the affidavits did not come to the knowledge of affiant, or of anyone connected with the city attorney's office, until after the trial. The injury to appellee was on April 17, 1901. The suit was commenced April 23 of the same year, and the first trial was in February, 1903. The last trial was commenced March 22, 1905, and no steps were taken to ascertain the physical condition of appellee until one week prior to the commencement of the last trial, namely, on March 15, 1905. The case had been pending for almost four years, and counsel were familiar with the facts and

had every oportunity to make a thorough investigation of the case. The affidavit of Ayers is no more than hearsay as to what was done by Altpeter in his attempt to discover the facts. There is no affidavit from Altpeter as to what he did while at Whitmore Lake, except as it is contained in the general statement by Ayers. The diligence shown falls far short of that required by the law on the application for a new trial on the ground of newly discovered testimony, and the court committed no error in so holding.

Limiting our consideration of the record to alleged errors of law, as we must, we find no reversible error, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*