## Alvina H. Williamson, Appellee, v. Grand Trunk Western Railway Company, Appellant.

### Gen. No. 15,321.

1. EVIDENCE—*what competent upon question of injury.* A question inquiring as to whether the plaintiff appeared to be hurt immediately after the accident in suit should be allowed to be answered if put to a witness to whom the plaintiff had made complaint of injury immediately following the accident.

2. TRIAL—*when remarks of court improper. Held,* that it was improper for the court to say "There has been no defense outlined here. We cannot speculate," but that such remarks did not constitute ground for reversal.

3. PERSONAL INJURIES—*when relation terminates.* The relation of carrier and passenger does not terminate until the passenger has alighted from the train and left the place where passengers are discharged; and the duty continues until the passenger has had a reasonable time in which to leave the depot or alighting place.

Action in case for personal injuries. Appeal from the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed January 13, 1911.

KRETZINGER, GALLAGHER & ROONEY, for appellant.

C. E. HECKLER and PAUL LARMER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

In this action a judgment was entered in the Municipal Court of Chicago in favor of the plaintiff, Alvina H. Williamson, appellee, against the defendant, Grand Trunk Western Railway Company, appellant, for $1,000 damages for personal injuries to the plaintiff, resulting from alleged negligence of the defendant.

It appears without controversy that on the evening of February 24, 1908, the plaintiff came from Griffith, Indiana, to her home in Chicago on defendant's train. She left the train at the Chicago Lawn station of the defendant at about eight o'clock in the evening.

444    APPELLATE COURTS OF ILLINOIS.

Williamson v. Grand Trunk Western Ry. Co., 159 Ill. App. 443.

It was dark and misty and the station platform was not lighted. After stepping from the train to the platform the plaintiff proceeded to leave the station, carrying several parcels and a grip and hand bag. She had walked but a few feet when she came upon a pile of coal on the platform and fell upon and over it, receiving the injuries sued for. In the darkness she did not see the pile of coal before she fell upon it. The coal had been placed upon the platform about two hours before the plaintiff fell upon it.

On the trial the plaintiff testified that after she fell over the pile of coal she went into the station and said to the agent, Miss Crowe, "I am terribly hurt." Miss Crowe then went to the coal pile with the plaintiff to see if the plaintiff had lost anything; that they then returned to the station, and the plaintiff went home. The following question was then put to Miss Crowe by defendant's attorney: "Q. Did Mrs. Williamson appear to be hurt in any way?" The court sustained an objection by plaintiff's attorney to the question, and the ruling is assigned for error. We think the ruling was erroneous. City of Chicago v. McNally, 227 Ill. 14; Railway Co. v. Bundy, 210 id. 39. But in view of the evidence in the case and the verdict, we think the error was harmless and should not be considered as sufficient ground for reversing the judgment.

Error is also assigned upon improper remarks made by the trial judge during the trial. It is urged that they were prejudicial to appellant.

Dr. Russell, plaintiff's physician, testified that he had made a physical examination of the plaintiff, including an examination of the rectum, and that the neurasthenic condition which he found would always affect her more or less. And on cross-examination the witness testified: "Piles are dilation of the veins around the lower part of the rectum, and these veins are dilated. Piles are a very ordinary thing." Then the following took place: "Q. Would piles with loss

of blood cause a neurasthenic condition? A. It is not apt to; it might. Q. Would piles, doctor, cause constipation? The Court: Oh, I do not think we will go into that. Mr. Heckler: He has not said she has had piles at all. The Court: There has been no defense outlined here. We cannot speculate.'' Exception was taken to this remark of the court. In our opinion the remark was improper, but it is not reversible error.

The appellant took exception to and now urges objections to the charge of the court to the jury. The parts of the charge to the jury objected to are contained in the following paragraph:

''The defendant in this case is what is known in law as a common carrier—a carrier of passengers—and the law places upon such a corporation a duty, of using more than ordinary care for the protection of its passengers. A common carrier of passengers is not an insurer of its passengers, as a common carrier of freight is. They do not undertake that they will not cause or permit any accident to one of their passengers. But they do undertake, and the law places upon them the obligation of using the highest degree of care, skill and prudence which human foresight and ingenuity can provide for the safety of their passengers, consistent with the ordinary operation of their road; and this duty applies to passengers, not only while they are upon the train, and getting upon the train, and getting off the train, but it also applies to passengers while they are upon the depot grounds after they have disembarked from the train and within such a reasonable time as would enable them to leave the train. A passenger disembarking from the train has a reasonable time within which to leave the premises of the railroad company; and if before that reasonable time has expired the passenger is injured, because of the failure of the railroad company to exercise the highest degree of care, skill and prudence which human foresight and ingenuity could devise for their protection, then the passenger is entitled to recover, provided she herself was in the exercise of ordinary care for her own safety.''

446    APPELLATE COURTS OF ILLINOIS.

Williamson v. Grand Trunk Western Ry. Co., 159 Ill. App. 443.

Appellant's first objection to the charge is that it authorizes a recovery upon a theory not alleged in the declaration.

The negligence averred in the declaration is that the defendant (appellant) did not provide plaintiff with reasonably safe depot facilities and means of alighting from defendant's train at Chicago Lawn, and did not provide the plaintiff with reasonably safe passageways and exits from the station; but on the contrary thereof so carelessly and negligently controlled, managed and maintained its depot and station platform as to permit and allow the same where passengers were discharged from its trains to be encumbered and obstructed by a large pile of coal, and neglected to provide its station platform and depot facilities with proper and reasonably sufficient lights to enable its passengers to safely leave the station grounds.

We think the declaration and the evidence furnish no basis for the instruction.

It is also urged that the charge is erroneous, in that it states the law to be that the defendant was required to use the highest degree of care consistent with the practical operation of the road, and that this rule is not applicable to this case; and further, that the charge is erroneous in requiring appellant to use a higher degree of care than the plaintiff averred in her declaration, or was required to use with reference to a passenger after the passenger had alighted from the train, and the train had passed from the station. It is contended that the duty of a carrier in relation to its station platform is to exercise ordinary care and not the "highest degree of care, skill and prudence which human foresight and ingenuity could devise for their (passengers) safety," as charged by the court; that while the degree of care to be exercised by the carrier with respect to its tracks and running machinery is correctly stated in the charge, a less degree of care is required with reference to the approaches to the cars, such as platforms, halls,

stairways, and the like; or in other words, the only duty appellant owed to appellee at the time of the accident was that of ordinary care for her safety.

Several cases in other jurisdictions are cited, which apparently support appellant's contention, but we think the rule in this State is that the relation of carrier and passenger does not terminate until the passenger has alighted from the train and left the place where passengers are discharged; and the duty continues until the passenger has had a reasonable time in which to leave the depot or alighting place. "It is its (carrier's) duty not only to exercise a high degree of care while the passenger is on the train, but also to use the highest degree of care and skill, reasonably practical, in providing the passenger a safe passage from the train." Railroad Company v. Schmelling, 197 Ill. 619; I. C. R. R. Co. v. Treat, 179 id. 576; Elliot on Railroads, sec. 1592; Railway Company v. Reese, 93 Ill. App. 657; Toledo, etc., Railroad Company v. Stevenson, 122 Ill. App. 654.

We think the charge of the court is applicable to the facts of the case, and that it states the law correctly with respect to the degree of care appellant was bound to exercise toward appellee at the time of her injury.

We find no reversible error in the record, and the judgment is accordingly affirmed.

*Affirmed.*