SECOND DISTRICT—FEBRUARY, 1916.    225

Shearer v. Aurora, Elgin & Chicago R. Co., 200 Ill. App. 225.

## Fred B. Shearer, Administrator, Appellee, v. Aurora, Elgin & Chicago Railroad Company, Appellant.

## Gen. No. 6,093.

1. APPEAL AND ERROR, § 1411*—*when verdict based on conflicting evidence not disturbed.* Where the questions of defendant's negligence and of contributory negligence of the plaintiff are matters for the jury and the evidence thereon is conflicting, the Appellate Court will not interfere with the jury's findings thereon.

2. STREET RAIROADS, § 64*—*what degree of care required in operation of car upon approaching street crossing.* The operator of a street car is bound to exercise more care on approaching a street crossing than when running the car in the middle of a block.

3. STREET RAILROADS, § 86*—*when not liable for personal injuries arising from striking of wagon.* A street railway company is not liable for personal injuries resulting from one of its cars running into a wagon to which was attached a horse which had fallen on the track so close in front of the car that the motorman, in the exercise of proper care and management thereof, could not have avoided the collision, provided the car was not running at an excessive rate of speed.

4. STREET RAILROADS, § 133*—*when question of excessiveness of speed of car for jury.* Where the evidence, as to whether the defendant's motorman was running his car at an excessive rate of speed, was in conflict, *held* that the question was properly submitted to the jury.

5. EVIDENCE, § 444*—*when testimony of attending physician concerning subjective symptoms of injured patient admissible.* Testimony of an attending physician concerning the subjective symtoms of the plaintiff, by whom he was called in, not for the purpose of procuring his testimony on the trial but for the sole purpose of procuring treatment, which treatment was based upon the diagnosis so made, *held* admissible, though such testimony related to a time four months after the injuries were received.

6. EVIDENCE, § 423*—*when physician may state opinion whether physical condition was result of accident.* Where, in a personal injury action, there is no dispute as to the manner in which the injuries were received or the means by which they were inflicted, the plaintiff's attending physician may state his opinion as to whether the plaintiff's physical condition at the time he made a diagnois was the result of the accident.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

226 APPELLATE COURTS OF ILLINOIS.

Shearer v. Aurora, Elgin & Chicago R. Co., 200 Ill. App. 225.

7. EVIDENCE, § 368*—*when nonexpert witnesses may state opinions as to physical condition.* In an action for personal injuries, nonexpert witnesses, who were acquainted with and worked with the plaintiff before and after the infliction of the injuries, may state their opinions as to his physical condition after the infliction of such injuries.

8. DAMAGES, § 162*—*when allegation in declaration sufficient as basis for proof of loss of earning power.* In an action for personal injuries, under an allegation of the declaration that the plaintiff "became and was, by reason of his injuries sick, sore, lame and disordered, and suffered severe and permanent injuries to his body and limbs; and that his ligaments, bones and muscles were severely wrenched, broken and torn; and that he received other severe and permanent injury in his back and hips," is sufficient as a basis for proof of loss of earning power, in wages, since that was a necessary or natural result of such a condition.

9. TRIAL, § 91*—*when objection to evidence not sufficiently specific.* In an action for personal injuries, an objection that evidence as to loss of wages is "incompetent and immaterial under the pleadings in the case," without pointing out to the trial court the absence from the declaration of an allegation specifically covering damages on account of loss of wages, is not sufficiently specific, and an error assigned on the admission of such evidence will not be considered on appeal.

10. APPEAL AND ERROR, § 1561*—*when refusal to give requested instructions not reversible error.* Where correct instructions given on the trial of a case cover all the law involved, a refusal to give instructions requested by a party, though they contain correct propositions of law applicable to the case, is not reversible error.

11. DAMAGES, § 115*—*when verdict not excessive.* A verdict for $1,200 for injuries sustained by a plasterer by being knocked off a wagon by a street car, *held* not excessive.

Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed February 8, 1916. Rehearing denied April 6, 1916. *Certiorari* denied by Supreme Court (making opinion final).

DAVID J. PEFFERS and ROBERT J. WING, for appellant.

FRED B. SHEARER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action on the case, brought in the City

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Court of Aurora, in Kane county, by William J. Nelson in his lifetime, against the Aurora, Elgin & Chicago Railroad Company, appellant, to recover damages for personal injuries claimed to have been suffered by him as the result of a collision, by which one of appellant's street cars came in contact with a wagon in which Nelson was riding, when crossing the street car tracks of appellant's car line at the intersection of Walnut and North Lake streets in the City of Aurora. After suit was instituted, Nelson died from other causes, and the administrator of his estate, Fred B. Shearer, was substituted as party plaintiff, and is the appellee herein.

The ground for recovery charged in the declaration is that appellant's servants carelessly and negligently drove the street car in question, and at an exceedingly high rate of speed, and that this was the cause of the collision. One count of the declaration also charges that the collision was the result of wilful negligence on the part of appellant's servants. There was a trial by jury, which resulted in a verdict for the plaintiff, fixing damages in the sum of $1,200, upon which the court rendered judgment, and from this judgment, the appeal is taken.

The appellant operates a street car line along North Lake street, in the City of Aurora, and the collision occurred at the point where the car line crosses Walnut street. The proof shows that Nelson was a plasterer; and at the time in question, in company with two fellow employees, and John Probert, his employer, was riding in a wagon drawn by a single horse, and driven by William Bliss, one of Probert's employees, who sat on the right-hand side of the seat, Nelson sitting on the left-hand side, and the other two men standing in the wagon, in the rear of the seat; that they were in the act of crossing the street car tracks, at the crossing, and had nearly crossed the tracks, when the horse which was drawing the vehicle suddenly fell down; and

the street car, which it is claimed was running at a high rate of speed and not managed as carefully as it should have been, when approaching the crossing, thereby came into violent contact with the wagon, throwing Nelson on the pavement.

It is claimed by appellant that the verdict is against the weight of the evidence, upon the question of the negligence charged; and there is a conflict of evidence upon that question, as well as upon the question as to whether the parties in the wagon were themselves in the exercise of due care in crossing the street car tracks, at the time they did; but these being disputed questions of fact, it was peculiarly the province of the jury to pass upon and determine them; and this court cannot say that the jury did not rightly determine them, in deciding in favor of the appellee; or that they should have decided these questions of fact in favor of the contention of appellant. There is evidence tending to show that appellant's street car was running at a higher rate of speed than would be justified by the requirements of due care, in approaching a crossing where vehicles and people are liable to cross at any time, and the court therefore properly refused the peremptory instruction requested by appellant. It is well-settled law that the operator of a street car is bound to exercise more care on approaching a street crossing than when running the car in the middle of a block, because he must anticipate the legitimate use of the crossing by vehicles and persons. (*Savage v. Chicago & J. Ry. Co.*, 142 Ill. App. 342.)

The evidence shows that the horse which was drawing the wagon in question fell just before the car reached the crossing. If the car was not running at an excessive rate of speed, when the horse fell, and was so close that the motorman, in the exercise of proper care, in the management of the car, could not have stopped the car in time to avoid the collision, then the

appellant would not be liable; but it is upon this very point that the evidence is in conflict, and therefore was properly submitted to the fair judgment of the jury. *Guerdon v. Corbett,* 87 Ill. 274.

Various errors are assigned, with reference to the admission of what is claimed to be improper evidence, and also concerning the giving or refusal, and the modification, of certain instructions. Appellant insists that the court erred in admitting the medical testimony of Dr. Prichard, about the subjective symptoms of Nelson's injuries, on the ground that these involved bringing to the attention of the jury what are termed self-serving declarations made by Nelson, four months after the injuries were received. It is clear, however, that Dr. Prichard was Nelson's attending physician, whom he called in, not for the purpose of procuring his testimony upon the trial of this case, but for the purpose only of procuring from him treatment for the physical injuries from which he was suffering; and that the doctor made the diagnosis of the case in order to give him proper treatment; and that he did afterwards treat him in conformity with the diagnosis made. The testimony of a physician concerning the subjective symptoms manifested is competent under these circumstances. *Stout v. Taylor,* 168 Ill. App. 410.

Objection is also made because the doctor was allowed to express an opinion as to whether the physical condition in which he found Nelson was the result of injuries which he had received in the collision. This evidence was competent, inasmuch as there was no dispute as to the manner in which Nelson had received his injuries, or the means by which he had received them. It was practically conceded that as a result of the collision he was thrown from the wagon onto the pavement, and that the fall was so severe that a portion of his back was bruised and became inflamed and swollen in consequence. "Where there is no conflict

230    APPELLATE COURTS OF ILLINOIS.

Shearer v. Aurora, Elgin & Chicago R. Co., 200 Ill. App. 225.

in the evidence as to the manner of receiving the injury, or the means by which the injury is inflicted, it is competent for the physician to testify whether, in his opinion, the damage which he finds was caused by reason of the injury received." *Hoxsey v. St. Louis & S. Ry. Co.*, 171 Ill. App. 76; *Donnelly v. Chicago City Ry. Co.*, 235 Ill. 35; *City of Chicago v. Didier*, 227 Ill. 571; *Chicago Union Traction Co. v. Roberts*, 229 Ill. 481; *Village of Chatsworth v. Rowe*, 166 Ill. 114; *West Chicago St. Ry. Co. v. Dougherty*, 209 Ill. 241. We do not think that the decision in the *Schlauder* case, 253 Ill. 155, is in conflict with the views here expressed.

The evidence concerning Nelson's physical condition after the accident, which could be judged by observation, by witnesses who were acquainted with him and who worked with him, before and after the accident, we think was competent. It is not necessary that a witness should be an expert to express an opinion as to the apparent physical condition of a person whom he has observed; and it is proper to allow such witness to state whether, in his opinion, such person is in good health; has ability to perform work; or whether he is suffering pain, or is conscious or unconscious; or is in the possession of his mental faculties. *Greinke v. Chicago City Ry. Co.*, 234 Ill. 564; *West Chicago St. Ry. Co. v. Fishman*, 169 Ill. 196; *Cicero & P. St. Ry. Co. v. Priest*, 190 Ill. 592; *Chicago & E. I. R. Co. v. Randolph*, 199 Ill. 126; *Lauth v. Chicago Union Traction Co.*, 244 Ill. 244.

Nor was the evidence of the wages earned by Nelson, before and after receiving the injuries in question, incompetent. The fact that he could not earn as much after the injuries, on account of his physical condition, was clearly evidence of the fact that his physical condition was impaired; and the general allegations in the declaration that Nelson "became and was, by reason of his injuries sick, sore, lame and disordered, and suf-

fered severe and permanent injuries to his body and limbs; and that his ligaments, bones and muscles were severely wrenched, broken and torn; and that he received other severe and permanent injury in his back and hips," was sufficient as a basis for proof of the loss of his earning power, in wages, because it was a necessary or natural result of such a condition. What the court said in the case of *Chicago City Ry. Co. v. Hastings*, 136 Ill. 251, is pertinent to the point now under discussion, viz.: "The declaration set out the injury received, and the evidence established the extent and character of the injury; and while the evidence may not have shown the exact number of days lost by plaintiff, it showed the fact that plaintiff was disabled and unable to pursue his usual business, and from these facts loss of time was so far established that the jury might properly take that into consideration in estimating the damages sustained." The averment in the declaration in that case, upon which the evidence of loss of time and wages was admitted, was that in consequence of such injuries the plaintiff had been "sick and languishing from thence hitherto; that in consequence of such injuries, he had become permanently crippled."

But it is sufficient to say, in reference to this assignment of error, that the only objection made to the evidence, when offered, was that it was "incompetent and immaterial under the pleadings in the case." This objection was not sufficiently specific because it did not specially call the court's attention to the fact that there was no allegation in the declaration to specifically cover damages on account of loss in wages. The specific objection, that there was no allegation in the declaration to cover loss of wages, was made, for the first time, in this court, and therefore of no avail. *Prussing v. Jackson*, 85 Ill. App. 324.

The instructions given by the court fully covered the

propositions of law involved in the case; those given for the appellant amply state all the legal propositions it was entitled to have urged upon the attention of the jury; and there was no substantial error in the modifications of instructions made by the court. The language of the Supreme Court in *George H. Hess Co. v. Dawson,* appears peculiarly applicable to this phase of appellant's contention: "The instruction which the court gave to the jury contained substantially all the law involved in the case, and although the instructions prepared by the defendant may, some of them, contain correct propositions, no necessity existed for giving them to the jury." *George H. Hess Co. v. Dawson,* 149 Ill. 145.

It is also urged that the verdict is excessive, but the evidence strongly tends to show that Nelson's injuries were quite serious; that they left Nelson in a defective physical condition and caused him considerable pain and suffering, as well as loss of earning power and wages. The damages cannot justly be regarded as excessive.

There being no reversible error in the case, the judgment should be affirmed.

*Affirmed.*