Lucy Avey, Appellee, v. W. A. Medaris, Appellant.

Gen. No. 8,679.

Opinion filed September 20, 1933. Re-hearing denied November 9, 1933.

WILLIAM D. KNIGHT, for appellant.

HALL & DUSHER, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee recovered judgment against appellant in the circuit court of Winnebago county, in the sum of $2,388, for personal injuries received by appellee in a collision of an automobile in which appellee was riding, with an automobile then being operated by one McNaughton. Appellee charged that the appellant's negligence was the proximate cause of said collision, and of her injuries resulting therefrom. It was maintained by appellee that appellant negligently stopped his automobile upon State Highway No. 2 in such a careless manner as to cause the collision.

The evidence shows that appellee sustained various injuries, from which she was confined in the Rockford Hospital, in the City of Rockford, Illinois, for a period of two months. Appellee sustained a broken knee joint and kneecap. This fracture was not reduced until 12 or 14 days after appellee was admitted to the hospital. An operation on the knee was necessary to reduce this fracture. Appellee was injured in the face and back, and complained of pains in these regions at the time of her entrance to the hospital. She still suffers from pains on the right side of her back and in her right hip, and has an impaired use of her knee.

This case has been tried twice, and both juries have found the same way upon the facts. It is not possible to reconcile the testimony of the defendant with that of the plaintiff. It was the function of the jury to pass upon the facts in the case, and unless it can be said that the verdict is against the manifest weight of the evidence, the verdict should stand, providing errors of law have not been committed sufficient to cause reversal. *Shearer v. Aurora, E. & C. R. Co.,* 200 Ill. App. 225. The testimony offered by appellee, when considered alone, fairly authorized the verdict. In such cases, courts will not reverse a judgment, when it is not manifestly against the weight of the evidence. *Blackhurst v. James,* 304 Ill. 586.

The court of review has no right to substitute its opinion for that of the jury in cases of this nature, so long as the verdict of the jury is supported by sufficient evidence. Where the testimony is hopelessly in conflict, the jury must believe one side of the case and disregard the other, in order to arrive at a verdict. Under such circumstances, the prevailing party is entitled to all the favorable inferences legitimately arising from the evidence and the verdict should remain undisturbed, unless it clearly appears that it was the result of passion or prejudice, or is contrary to the

clear weight of the evidence. *Dick v. Zimmerman,* 105 Ill. App. 615.

Appellant urges the court erred in giving instruction No. 2, offered by the plaintiff below, claiming that it led the jury to believe that appellant had no right to cross the road from the east to the west side of the pavement. The instruction set out certain provisions of the Motor Vehicles Act, Cahill's St. ch. 95a, with respect to highways. We do not believe it is open to the objection urged by appellant. Appellant also complains of the refusal to give appellant's instruction No. 2 to the jury. This instruction is based upon the duty required of appellee to exercise ordinary care for her own safety, and to warn the driver of any danger that she saw approaching. The evidence in this case shows that appellee had no warning of the approaching danger; that the collision happened so quickly, there was no warning period. It further appears that her husband, with whom she was riding, saw and was aware of the situation simultaneously with the appellee and that he used his best efforts to avoid the collision. Since knowledge of the approaching danger on the part of the driver was equal to and originated with that of appellee, the appellee could not have warned the driver of something of which he was already aware.

Defendant's given instructions covered the question of negligence on the part of the plaintiff below, and the jury was advised that she must be in the exercise of due care for her own safety, at and just prior to the time of the collision in question. Where correct instructions given on the trial of a case cover all the law involved, a refusal to give a requested instruction by a party, though it may contain correct propositions of law applicable to the case, is not reversible error. *Shearer v. Aurora, E. & C. R. Co.,* 200 Ill. App. 225. Under all the facts and circumstances in the case, and in considering all the given instructions as a series, we

are unable to say that the jury was not fairly instructed as to the law or that the refusal to give defendant's instruction No. 2 was reversible error.

Objection is also made by appellant to the testimony of Dr. Ackemann, an X-ray specialist, who took a picture of appellee shortly before the trial of this case. The doctor was permitted to testify to appellee's condition as reflected and disclosed by the X-ray picture. Appellant urges that this was error because the picture was taken considerable time after the injuries were received and that this doctor did not treat appellee following the accident. This evidence could only go to prove the nature and extent of the injuries, about which competent proof was shown by the attending physician at the hospital. The nature of appellee's injuries, as shown by the surgeon who treated appellee at the hospital, is undisputed. Appellant does not assign as error that the verdict is excessive, and errors not assigned are not open to review. *Berry v. City of Chicago*, 192 Ill. 154.

There is nothing to indicate that the verdict of the jury was the result of passion or prejudice, and the damages cannot be said to be so grossly excessive within themselves, as to demand a reversal of this case. The amount of damages awarded not being claimed excessive by appellant, and not being for such a grossly extravagant sum as to be self-evident that the jury could not have been actuated by proper motives, this court is unable to say that the same are either excessive or against the weight of the evidence. *Wilson v. Baltimore & O. S. R. Co.*, 158 Ill. App. 604.

The alleged negligence of the appellant was the gist of the action. The evidence showed that appellee received injuries as a result of the accident, which confined her to the hospital for two months. The jury found from the evidence that appellant's negligence was the proximate cause of appellee's injuries. The

testimony of the doctor concerning the X-ray picture in no way tended to prove whose negligence was responsible for the accident.

In the state of the evidence, it cannot be said that the jury was unwarranted in returning the verdict which it did. The jury heard the witnesses testify, and where the questions of defendant's negligence and of contributory negligence on the part of the plaintiff are in dispute, they are proper matters for the jury to determine, and courts of review will not disturb the verdict unless the finding of the jury is clearly contrary to the evidence.

No error being shown in the record, the judgment of the trial court is affirmed.

*Affirmed.*