125 Ill. App.3d 512 (1984)
466 N.E.2d 273
In re M.B.C. et al., Minors (Marietta Faye Kellum et al., Petitioners-Appellees,
v.
Ernest Cornes, Respondent-Appellant).
No. 5-83-0782.
Illinois Appellate Court  Fifth District.
Opinion filed June 8, 1984.
*513 Howard B. Eisenberg, of Legal Clinic of Southern Illinois University, of Carbondale, and Julianne Cordts, law student, for appellant.
Charles R. Garnati, of Herrin, for appellees.
Judgment affirmed.
PRESIDING JUSTICE WELCH delivered the opinion of the court:
Respondent Ernest Cornes appeals an order of the circuit court of Williamson County terminating his parental rights after a finding that he was an unfit father and a depraved person. Petitioners Donnell Kellum and Marietta Faye Kellum filed this action on May 27, 1983, seeking to adopt M.B.C., then seven, and M.J.C., then five, her children from her earlier marriage to respondent. A subsequent "Bill of Particulars" alleged that respondent had committed "open and notorious adultery and fornication" by committing rape in October 1977. A number of allegations of depravity were also stated, including the 1977 rape and acts of deviate sexual assault on the same date and a 1951 theft and 1953 rape and robbery.
Respondent argues on appeal that: (1) the provision of the Adoption Act allowing for termination of parental rights based on depravity is constitutionally impermissible; (2) evidence of criminal convictions more than 30 years prior to this action was irrelevant to the issue of parental fitness; (3) the court erred by allowing petitioners to adduce evidence not specified in the bill of particulars; (4) portions of respondent's letters to Marietta Kellum were improperly admitted; (5) a minister was improperly not allowed to testify as to respondent's fitness as a parent; and (6) petitioners failed to prove unfitness by clear and convincing evidence.
 1 Respondent's first assertion on appeal is that termination of *514 parental rights on the basis of depravity (Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)(i)) is constitutionally impermissible as overly vague. Depravity has been defined by Illinois courts as "an inherent deficiency of moral sense and rectitude." (In re Abdullah (1981), 85 Ill.2d 300, 305, 423 N.E.2d 915, 917.) Depravity may be shown by a series of acts or a course of conduct which indicates a deficiency in a moral sense and shows either an inability or an unwillingness to conform to accepted morality. (Bryant v. Lenza (1980), 90 Ill. App.3d 275, 412 N.E.2d 1154.) Respondent argues that the statutory prohibition against depravity by parents did not adequately inform him of the conduct he was expected to follow. We reject this reasoning. Here, the father's two rape convictions, as well as the other evidence adduced at trial, show a serious moral deficiency. We do not accept respondent's argument that more statutory certainty is required, since such total specificity would severely limit a trial court's ability to focus on the unique circumstances of each case before it.
 2 Next, respondent asserts that evidence of criminal convictions in 1951 and 1953 was not relevant, and even if relevant was so remote as to be immaterial. We disagree Acts constituting depravity must be of sufficient duration and repetition to establish moral deficiency and either an inability or unwillingness to conform to accepted morality. (Bryant v. Lenza (1980), 90 Ill. App.3d 275, 412 N.E.2d 1154.) Here, the respondent was convicted of armed robbery and rape in the early 1950's, spent 20 years in prison and was then again arrested and convicted of rape, deviate sexual assault and intimidation. Although a single felony conviction has been held insufficient to establish the depravity of a parent (Bryant v. Lenza (1980), 90 Ill. App.3d 275, 412 N.E.2d 1154), the facts of the instant case reveal a pattern of criminality. The respondent's conduct prior to his 20-year prison term is thus probative of whether or not he is depraved. Accordingly, we hold that the trial judge's evidentiary ruling was not an abuse of discretion.
 3 Respondent's third argument is that the trial court erred in allowing evidence not specified in petitioners' bill of particulars. Respondent had requested a bill of particulars specifying what conduct constituted "depravity" and "open and notorious adultery or fornication." Petitioners responded with a list of misconduct on the part of the respondent, which included the conduct leading to his five criminal convictions. Now, respondent argues petitioners should not have been allowed to introduce any evidence of his convictions since the bill of particulars concerned only his conduct. Petitioners rely on Smith v. Andrews (1964), 54 Ill. App.2d 51, 203 N.E.2d 160, for the proposition *515 that a defendant's conviction for rape is properly admissible as prima facie evidence that he committed rape. Here, we hold that testimony concerning the respondent's five criminal convictions was proper to establish the conduct delineated in petitioners' bill of particulars. The fact that respondent had been convicted of two rapes, robbery, deviate sexual assault and intimidation is probative of his conduct, as alleged in petitioners' pleadings. Respondent was fully advised by the detailed bill of particulars exactly what conduct and which incidents would be at issue in the parental termination proceedings.
 4 The fourth argument raised on appeal is that the admission of portions of menacing letters from respondent was improper. Petitioner Marietta Faye Kellum identified the letters from respondent which were introduced as petitioners' exhibits one through seven. She testified that petitioners' exhibits Nos. 2, 3, 4, 5 and 6 were all complete letters from respondent. Therefore, respondent's objection as to the completeness of the seven letters only applied to exhibits Nos. 1 and 7. Also, respondent was provided a copy of the first exhibit with the bill of particulars and neither attempted to obtain the missing portion through discovery nor to explain any inaccuracy while on the witness stand. Even if the admission of the portions of these two letters was, in fact, error, the outcome of the proceeding was not unduly affected in light of five similar letters properly admitted and other evidence adduced, including respondent's conduct leading to five criminal convictions. Holsapple v. Country Mutual Insurance Co. (1983), 112 Ill. App.3d 512, 445 N.E.2d 909.
 5 Respondent further contends that the trial court erred by not allowing a minister, Reverend Calvin Watson, to state his opinion concerning respondent's parental fitness. Reverend Watson testified that he had a degree in sociology and counseling, post-graduate training at Anna State Hospital and experience with family counseling as a minister. An expert witness is qualified if, because of his skill, training and experience he is better able to form an accurate opinion as to the issue in question than is the average person in the community. (City of Chicago v. McNally (1907), 227 Ill. 14, 81 N.E. 23.) The determination of whether a witness is qualified as an expert rests largely in the discretion of the trial court. (County of Cook v. Holland (1954), 3 Ill.2d 36, 119 N.E.2d 760.) Here, the trial court could rightly hold that a minister, even one with counseling experience, was not in a better position to judge parental fitness than the average person in the community. Accordingly, the court's ruling did not amount to an abuse of discretion.
*516  6 Finally, respondent argues that he was not proven unfit by clear and convincing evidence. Evidence adduced at trial showed that the respondent had been convicted of two rapes, robbery, deviate sexual assault and intimidation. For the three 1977 convictions, he received a sentence of 60 years' imprisonment. Although respondent professed love for his children and stated, "I have every intention of getting out and participating in the children's growth and development," he offered no significant evidence to show his rehabilitation. A trial court's determination of parental unfitness in an adoption proceeding should not be disturbed unless it is contrary to the manifest weight of the evidence. (In re Adoption of Kleba (1976), 37 Ill. App.3d 163, 345 N.E.2d 714.) In the case at bar, the series of felonies over a lengthy period of time establishes by clear and convincing evidence that respondent is unable to cope with society in a lawful manner. After a review of the entire record, we cannot say the trial court's finding of depravity is contrary to the manifest weight of the evidence.
For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed.
Affirmed.
JONES and KASSERMAN, JJ., concur.