**Nancy V. Hoxsey by John Hoxsey her next friend, Appellee, v. St. Louis & Springfield Railway Company, Appellant.**

1. EVIDENCE—*when prejudicial even though excluded.* On the trial of a personal injury suit it is prejudicial error to permit an eye specialist to testify as to certain tests used to ascertain the condition of the plaintiff's eyes where his conclusions are arrived at almost wholly from statements of the plaintiff, though such evidence is afterwards excluded.

2. EVIDENCE—*when expert may testify as to cause of injury.* It is competent for a physician to express his opinion in a personal injury suit as to whether or not the plaintiff's eyes were injured by an electric shock, where the evidence as to such shock is uncontradicted.

3. ELECTRICITY—*pleading.* Complaint in action for shock received from telephone wire in contact with trolley wire held to state cause of action.

4. EVIDENCE—*preliminary proof.* Admission of evidence on promise to supply necessary preliminary proof is prejudicial error when such evidence is not supplied.

Action in case for personal injuries. Appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge,

presiding.   Heard in this court at the October term, 1911.   Reversed and remanded.   Opinion filed April 11, 1912.

RINAKER & RINAKER and H. C. DILLON, for appellant; GEORGE W. BURTON and GEORGE W. BLACK, of counsel.

EDWARD C. KNOTTS, for appellee; PEEBLES & PEEBLES, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Nancy V. Hoxsey, by her next friend, sued defendant to recover for injuries alleged to have been received by coming in contact with a telephone wire which it is alleged by and through the negligence of the defendant came in contact with its trolley wire in the city of Girard, Illinois.   Plaintiff recovered a judgment for eighteen hundred and fifty dollars, from which this appeal is prosecuted.

Defendant was the owner of and using and operating an electric line of interurban railroad through the city of Girard.   The railroad was on First street in Girard, and passed by the property upon which plaintiff resided with her father.   Telephone wires were strung upon a street which crossed First street, and were attached to poles of the defendant company on either side of its track on First street, they were hung about three feet above the trolley wire; after crossing First street, they extended along the property upon which plaintiff resided and angled across the rear of this property.   The evidence of the plaintiff tends to show that on the day in question while a car operated by the defendant was passing along this street, that at about the time it reached the point where telephone wires crossed the railroad the trolley pole came off from the trolley wire, struck the telephone wires, loosening or breaking one of them so that it fell upon the trolley wire, that it immediately became charged

with a current of electricity, that plaintiff was upon the rear portion of the lot where her father resided, that at this place the wire sagged to a point within two or three feet of the ground, and came in contact with her arm and forehead whereby she received the injury complained of. The suit was brought almost a year after the accident, defendant was not notified of the accident and had no knowledge thereof until the commencement of this suit. The servants of defendant who testified in this case, the motorman and conductor, testified that they recalled one time in going through the city of Girard when the trolley pole came off and that it struck the telephone wires, but on that day no wire came in contact with the trolley wire, and they had no knowledge of any one being injured, and they are unable to. ascertain or know whether that is the day on which this accident is alleged to have occurred or not.

The accident is alleged to have happened on the 18th day of October, 1908, this action was commenced to the September term, 1909. At that time the declaration consisted of but one count, now designated as the original count; in September, 1910, three additional counts were filed.

John Hoxsey, father of plaintiff, claims to have been injured by the same wire while attempting to rescue plaintiff. He brought an action against the defendant and recovered a judgment, from which defendant prosecuted an appeal to this court. The declaration in that case consisted of but one count, the material averments of which are set forth in the opinion in Hoxsey v. St. L. & S. R. R. Co. filed April, 1912 (post, p. 109).

The declaration in that case is identical with the original count in this action, the three additional counts in the case at bar were filed for the purpose of supplying averments not made in the original count.

The first additional count charges the ownership

and operation of the electric railroad by the defendant, the use of certain poles and a trolley wire hanging therefrom which carried a highly dangerous and deadly current of electricity for the purpose of propelling its cars; that defendant knew, or by the exercise of due care should have known, that divers telephone wires were attached to defendant's poles above the trolley wire and which were liable to be struck and broken by the trolley pole by means of which the current from said trolley wire was conducted to the machinery operating defendant's cars, and by reason of which the telephone wires were liable to fall and come in contact with the trolley wire and thereby transmit the dangerous current; and that while on said October 18th one of the cars of defendant was approaching and passing under said telephone wires, the servants of defendant negligently permitted the trolley pole to be and remain off from the trolley wire in consequence of which it did strike and cause certain of the telephone wires to fall upon the trolley wire and become charged with the said dangerous voltage of electricity, and that the plaintiff, while exercising due care and caution, came in contact therewith.

The second additional count, after making similar averments as contained in the first additional count, alleges that defendant did not provide or erect any trolley guard or device or means of preventing the telephone wires from falling upon the trolley wire, and that while one of defendant's cars was passing along its right of way on said 18th of October, 1909, the trolley pole came off from the trolley wire and struck said telephone wires and caused them to fall upon the trolley wire, whereby they became charged with said electric current, by means whereof the same was transmitted by said telephone wire, and plaintiff, while in the exercise of due caution, came in contact therewith and was injured.

The third additional count, after the usual allega-

tions of the owning and operation of the railroad and the existence of the telephone and trolley wires, alleges that defendant knew, or by the exercise of due caution should have known the telephone wires were there and were liable to become detached or broken and fall upon said trolley wire and thereupon become charged with said dangerous voltage, and that defendant did not use due care and caution to prevent said telephone wires from falling against and upon said trolley wire, but permitted the trolley wire to be and remain under and near said telephone wire without any guard or device to hold or keep the same from falling upon said trolley wire, and that said telephone wires did become detached on said day and fell upon and against said trolley wire whereby and by means whereof plaintiff was injured, etc., by reason of coming in contact with said telephone wire.

Defendant insists that the original count does not sustain a cause of action and will not support a judgment. What we have said in the case of John C. Hoxsey against this defendant, in the opinion filed as stated above, is decisive of the sufficiency of that count, and it is unnecessary here to further discuss it.

Appellant also insists that the first, second and third additional counts do not state a cause of action. No demurrer was interposed to the declaration or either count and we are satisfied the additional counts state a cause of action and are sufficient after verdict.

As a further cause of reversal, the defendant insists that the court erred in the admission and rejection of evidence, that the court admitted improper evidence over objections of the defendant which was afterwards excluded from the jury, but that its exclusion by the court did not cure the error of its admission; that the court erred in the giving and refusing of instructions; and that the damages are excessive.

Upon the contention that the court erred in the ad-

mission and rejection of evidence prejudicial to the defendant over its objections we find from an examination of this record that almost the entire evidence upon which to base the amount of the verdict was given by one Dr. West, a specialist on the eye, ear and throat, from Decatur, Illinois, and consulted long after suit was begun. The court permitted this doctor to testify regarding certain tests which he used for the purpose of ascertaining the condition of plaintiff's eyes—objection was made to this testimony on the ground that the doctor's evidence was derived from objective instead of subjective symptoms, and that the conclusions he arrived at therefrom were almost wholly dependent upon statements made by plaintiff in these tests.

The court permitted the doctor to testify fully in regard to these tests and to testify as to the results found from four tests known as (1) the Snellen's test, (2) the ophthalmoscope test, (3) the perimeter tests and (4) the shadow test. After the doctor had testified to the results of these tests the court excluded all of his evidence relative to all except the shadow test. At that time the jury had all the effect of the doctor's testimony and it afterwards having been held improper and excluded this court cannot say that the impressions made by this testimony upon the minds of the jury could be eradicated from their minds by the court instructing the jury not to consider it, this evidence was highly prejudicial to defendant and to whatever extent the jury might have been influenced by it the damage had been done. It is evident from the record the doctor was consulted for the purpose of testifying in this case. The court also permitted the doctor to answer certain hypothetical questions which included the supposition that prior to the time of this injury the plaintiff's eyes were in a normal condition. Objection was made to these questions for the reason that plaintiff's eyes had not been shown to have been

in a normal condition, but on a promise that this evidence would be supplied, the objection was overruled. No attempt was ever made to supply this evidence, and it was only through the promise to furnish it that the court permitted the doctor to answer; although the court afterwards excluded this evidence plaintiff got all of its effect to the jury.

It would have been better practice to have required this proof prior to permitting the doctor to answer these questions; had the court sustained the objection until such proof was made, no damage could have been done. It is also insisted the court erred in permitting the doctor to testify, over objection, that plaintiff's eyes were damaged by reason of an electric shock; the Supreme Court held, in I. C. R. R. v. Smith, 208 Ill. 608, that where the evidence is conflicting as to the manner in which an injury is inflicted, it is not competent for a physician to express his opinion as to the manner or method by which the injury occurred, but in City of Chicago v. Didier, 227 Ill. 571, and Chicago Traction Company v. Roberts, 229 Ill. 481, it holds, where there is no conflict in the evidence as to the manner of receiving the injury, or the means by which the injury is inflicted, then it is competent for the physician to testify whether in his opinion the damage which he finds was caused by reason of the injury received, and the distinction drawn between these cases is clearly defined. The evidence that plaintiff received an electric shock is not contradicted and we do not think the court erred in permitting the doctor to express his opinion that plaintiff's eyes were damaged by the electric shock, this opinion was not conclusive on this question but was proper to be considered by the jury.

Defendant further urges that the court erred in giving an instruction on behalf of plaintiff known and designated as Instruction Number One. This instruction is in substance, the same as the one given in the

case of John Hoxsey, *supra,* and as applied to the original count of the declaration what has there been said is applicable here. The instruction permitted plaintiff to recover upon proof of the allegations of that count which does not state a cause of action, and which is insufficient to support a judgment even after verdict; for this reason the giving of this instruction was error.

It is unnecessary to discuss the other questions raised, owing to the fact that another trial must be had.

For the reasons above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*