(No. 4125 )

OLGA GAEBEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 7, 1949.*

*Petition of Claimant for rehearing denied February 14, 1950.*

TALCOTT & TALCOTT (EDWARD M. BURKE, of Counsel), Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Olga Gaebel, widow of Frank B. Gaebel, deceased, seeks to recover from respondent under either the Workmen's Compensation Act or the Workmen's Occupational Diseases Act for the death of her husband.

Gaebel, aged 55, was, on January 4, 1948, employed in the Department of Public Works and Buildings, Division of Highways, for which Division he had worked continuously since April, 1941. On that day he performed his regular duties driving a snow plow. He worked from 10 A.M. to 8 P.M. with one-half hour at home for lunch.

His work that day was his usual winter work, and he sat in a heated cab while cleaning the snow from the highways. Nothing unusual happened in the course of the day except four or five cars were pulled out of snow drifts. At the conclusion of his day's work, Gaebel and his helper went to a tavern for a drink, Gaebel having a shot of liquor but not finishing his beer. Upon his arrival home, he complained of being ill. A doctor was called the next morning who diagnosed his trouble as a cold and sore throat. A gargle and sulfa drugs were prescribed. Gaebel's temperature was normal, and his doctor did not check his pulse, heart or blood pressure. The doctor was vague, indefinite and uncertain about Gaebel's condition except as to his sore throat. His testimony is of doubtful probative value. There was some testimony as to a pre-existing condition of nervousness for the year previous.

From January 5 till January 8, 1948, Gaebel stayed at home attended by his doctor. On the latter date, on his doctor's recommendation because of his inability to swallow normally, he was taken to Cook County Hospital in an ambulance. Gaebel died there on January 13, 1948.

It would serve no useful purpose for this Court to detail and weigh the evidence in point. To do so would extend this opinion to great lengths.

The testimony of the attending physician does not support claimant's theories of the case. The death certificate admitted in evidence showed the cause of death as cerebral thrombosis and contained no remarks as to associated diseases or other conditions, yet Gaebel had been taken to the hospital because of his sore throat.

Counsel for claimant asked a long hypothetical question early in the case, stating that before the hearing was closed all facts would be in evidence upon which such hypothetical question was based. Counsel took a

big chance and counsel lost. He never did get into evidence all of· the facts that were required to make the proof under hypothetical question and amendments thereto proper. Respondent's objection was preserved and was well taken. Taking from the record the hypothetical question and the answers thereto, claimant's case falls. *Eckels* v. *Hulsten,* 136 Ill. App.; *Haish* v. *Payson,* 107 Ill. 365; *Hoxey* v. *St. L. & S. Ry. Co.,* 171 Ill. App. 76.

Counsel for claimant in their brief argue at great length on the authority of *Mower* v. *Williams,* 402 Ill. 486, that Gaebel was engaged in a hazardous occupation and, therefore, entitled to the benefits of the Workmen's Compensation Act. That he was is no longer an open question in this Court. Each and every employee of the State is entitled to the benefits of the Workmen's Compensation Act. The leading case and one which directly decides this question is *Miller* v. *State,* 16 C.C.R. 194.

But whether a case has been made out under the Workmen's Compensation Act is the question before us in this case.

The facts in the case do not disclose that claimant has sustained her burden and an award must be denied, under both the Workmen's Compensation Act and the Workmen's Occupational Diseases Act. Claimant has failed to prove that the deceased sustained an injury· in an accident arising out of and in the course of his employment. *Crusan* v. *Ind. Com.,* 350 Ill. 407; *Fittro* v. *Ind. Com.,* 377 Ill. 532; *McKee* v. *State,* 10 C.C.R. 460. Claimant has likewise failed to prove that the deceased contracted a disease as an incident to his employment as a result of which he died, said disease having been caused by the negligence of respondent. *Domke* v. *State,* 12 C.C.R. 451; *Wheeler* v. *State,* 12 C.C.R. 254; *McNutt* v. *State,* 17 C.C.R. 18.

Conjecture and speculation form no basis for an award by this Court. *Reinertson* v. *State,* 17 C.C.R. 10.

A portion of this case has involved an attempt by claimant to have this Court determine her rights under the Illinois State Employees Retirement System. This Court is not the forum in which to raise such questions, since the statute provides for administrative proceedings, remedies and determination subject to judicial review under the Administrative Review Act, Ill. Rev. Stat. 1949, Chap. 127, Sec. 215-246, specifically Section 228a.

An award to claimant is denied.

Rothbart & Sewell, Court Reporters, 120 South LaSalle Street, Chicago, Illinois, were employed to take and transcribe the testimony before Commissioner Young. Charges in the amount of $58.75 were incurred, which charges are reasonable and customary. An award is entered in favor of Rothbart & Sewell for such amount.

This award is subject to the approval of the Governor in accordance with Section 3 of "An Act concerning payment of compensation awards to State employees."